E. J. HALL, Administrator, v. SOUTHERN R. R. COMPANY.

(Filed 19 November, 1908).

1. **Executors and Administrators—Death by Wrongful Act—Foreign Administrators—Subsequent Qualification—Time for Bringing Suit.**

    The action given by Revisal, sec. 59, to executors or administrators of the person whose death is caused by the wrongful act, etc., of another person, duly qualifying here, is not available to a foreign administrator or to an administrator who has since qualified here, after the commencement of the suit and the expiration of one year from the death of his intestate, which occurred in this State.

HALL v. R. R.

**2. Executors and Administrators—Death by Wrongful Act—Procedure—When Suit Deemed to be Commenced.**

When a suit by a foreign administrator, under Revisal, sec. 59, has been dismissed, and he has subsequently qualified as administrator here, his further proceeding to recover damages for the wrongful act causing the death of his intestate, should be by a separate and independent action; but when he has been permitted by the trial Court, without objection, to become a party to the original suit and amend his pleadings to meet the changed conditions in this respect, his action will be deemed as commenced when he was made a party. (*Hall v. R. R.*, 146 N. C., 345, cited and approved).

ACTION heard upon demurrer to complaint, by *Jones, J.*, August Term, 1908, of PERSON. Plaintiff appealed.

*B. S. Royster* and *E. P. Buford* for plaintiff.
*W. B. Adams, A. B. Andrews, Jr.,* and *P. H. Busbee* for defendant.

WALKER, J. This case was before us at the Fall Term, 1907, and is reported in 146 N. C., 345. We then dismissed the appeal of the defendant, as having been improperly taken, but intimated that the plaintiff could not maintain this action. The plaintiff, who had qualified as administrator in the State of Virginia, brought this suit to recover damages for the negligent killing, in this State, of his intestate by the defendant. Since the decision in the former appeal, the plaintiff has qualified as administrator in this State, and has become a party to this action, and an amended complaint has been filed, stating the fact of his qualification and further alleging that the death of the intestate was caused by the defendant's negligence, the allegations, in this respect, being similar to those of the first complaint. As the plaintiff did not qualify as administrator of the intestate in this State until after the commencement of this suit and the expiration of one year from the death of his intestate, he cannot maintain this action as such administrator. This is settled by the recent decision of the Court in *Gulledge v. R. R.*, 147 N. C., 234; approving

*Best v. Kinston,* 106 N. C., 205; *Taylor v. Cranberry Co.,* 94 N. C., 526; *Roberts v. Insurance Co.,* 118 N. C., 434; and *Tayloe v. Parker,* 137 N. C., 418. See also *Gulledge v. R. R.,* at this term (on rehearing), where the question is fully considered by Justice Brown, with a full citation of the authorities. The action by the plaintiff as administrator, qualified in this State, is deemed to have been commenced when he was made a party to the action as such and joined in the amended complaint. *Hester v. Mullen,* 107 N. C., 724. Indeed, the Court should not have allowed the amendment, but the plaintiff, under his qualification as administrator in this State, should have been required to bring a separate and independent action.

The plaintiff contends, however, that he is entitled to recover in his capacity as administrator, by virtue of his qualification in Virginia. We adhere to the opinion expressed in the former appeal, that, by virtue of his qualification in Virginia, the plaintiff cannot maintain this action. The statute, under which this suit was brought, is, of course, not penal, but remedial in its nature, and we should give it such a construction as will effectuate the intention of the Legislature in enacting it. It creates a new cause of action, not existing at the common law, and allows damages for the death of a person which is caused by the wrongful act, neglect or default of another, but requires that the action shall be brought by the executor, administrator or collector of the decedent. Can it be that this refers to a foreign administrator? We think not, but that the reference is to a representative appointed by a local Court. *Vance v. R. R.,* 138 N. C., 460; *Hartness v. Pharr,* 133 N. C., 566. In the absence of any intimation to the contrary, this is the clear meaning of the statute, and we think that it has been regarded as the true construction of similar statutes by the Courts of other States. In *Neill v. Wilson,* 146 N. C., 242, we held that Revisal, sec. 59, by which a cause of action is given for the death of a

person caused by a wrongful or negligent act, impresses upon the right of action the character of property for the purpose only of distribution here, under the provisions of the statute in cases of intestacy, and that the rights of the beneficiaries should be determined as of the time of the testator's death. It is no part of the estate, as assets for the purpose of paying debts. *Hartness v. Pharr, supra.*

It is hardly necessary to add much, if anything, to what we said in our former opinion, as we then considered the question fully, citing authorities which we think sustain our position. But as the right of action arises under the statute of this State, where the death occurred, if the meaning of the statute is that an administrator appointed in this State is the only person who can sue, and we so hold, decisions in other States, even if they permit a recovery by a foreign administrator, can be of little aid to us. We have carefully examined the numerous cases cited by Mr. Buford (who evidently prepared his brief with great diligence and argued the case before us with much ability and learning), and we have been able to find none which conflicts with our view of the law. Counsel insisted that the case of *R. R. v. Brantley,* 96 Ky., 297, cited in the former opinion, does not apply to this case. But it will be found, by a careful reading of the opinion, that the Court held the "doctrine to be universal, that an administrator, appointed in a foreign State, can maintain no action in another State, unless authorized by statute, and if there is no authority given the foreign administrator to sue here (in Kentucky) in such a case as the one presented, the general demurrer should have been sustained," and, secondly, that the statute of that State authorizing a foreign administrator to sue for "debts" due the decedent, does not authorize a foreign administrator to prosecute an action for a tort. "The mere right to recover for a tort is not and cannot be regarded as assets to which the foreign administrator has title or the right to convert into a debt by

a judgment. This right is denied him by the statute." In *Wooden v. R. R.,* 126 N. Y., 16, relied on by the plaintiff, the Court says: "It is claimed, however, that even in that event the right of action accruing in the place of the transaction can only be enforced in our jurisdiction under our remedial forms, and so should have been brought by the plaintiff not as widow but as administratrix, to which office she has been appointed in this State. But it must not be forgotten that the cause of action sued upon is the cause of action given by the *lex loci,* and vindicated here and in our tribunals upon principles of comity. That cause of action is given to the widow in her own right and as trustee for the children, and we open our courts to enforce it in favor of the party who has it, and not to establish a cause of action under our statute which never in fact arose. We refer to the *lex fori* and measure it by and compare it with the *lex loci,* I think, for two reasons: one, that the party defendant may not be subjected to different and varying responsibilities, and the other, that we may know that we are not lending our tribunals to enforce a right which we do not recognize, and which is against our own public policy; and we do not refer to our law as creating the cause of action which we enforce. It is the cause of action created and arising in Pennsylvania which our tribunals vindicate upon principles of comity, and, therefore, must be prosecuted here in the name of the party to whom alone belongs the right of action." It appears in *Brown v. R. R.,* 97 Ky., 228, which we have already cited, that a previous action had been brought in Kentucky by the foreign administrator of the person who was killed in that State by the defendant's negligent act, and was dismissed by the Court upon the ground that a foreign administrator could not sue, on a demand of this kind, under the statute in Kentucky. We have not been able to find a case like the one at bar, in which a foreign administrator was permitted to sue in a court of a State where there was no statute permit-

ting him to do so. The Indiana cases are decided upon a construction of the statute of that State allowing foreign administrators to sue in its courts.

Whether, if the death had occurred in Virginia, the plaintiff, as a foreign administrator, could have sued the defendant in our courts, under the statute of Virginia, assuming that it is substantially like ours, is a question which is not before us now.

The defendant demurred to the complaint as amended, the demurrer was sustained and the action dismissed. In this ruling of the Court we concur.

Affirmed.