HOME REAL ESTATE, LOAN AND INSURANCE COMPANY, AGENTS FOR
WM. JAEGER, v. MR. AND MRS. LOCKER OR JOSEPH LAKEY AND
A. B. CUMMINGS (SURETY).

(Filed 15 June, 1938.)

**1. Landlord and Tenant § 25: Parties § 1—**

A rental agent may not maintain a suit in ejection or for the collection
of rents, the owner being the real party in interest, C. S., 446, and this
rule is not changed by C. S., 2367.

**2. Limitation of Actions § 11—Joinder of new party plaintiff constitutes
new action as to such party, and his action does not relate back.**

Suit was instituted by a rental agent in a justice's court to recover rent
in arrears when defendant tenant vacated the premises. Upon appeal to
the Superior Court, the owner was joined as additional party plaintiff,
C. S., 547. *Held:* The owner was the real party in interest, C. S., 446,
and as to him the amendment constituted a new cause of action against
defendant, and his action does not relate back to the date of the institu-
tion of the original action, and the joinder being made more than three
years after the due date of the rent, defendants' plea of the statute of
limitations is good, and their motion to nonsuit should have been allowed.

APPEAL by defendants from *Hill, J.,* at January-February Term,
1938, of FORSYTH. Reversed.

The plaintiff William Jaeger is the owner of an apartment building
in Winston-Salem, and the plaintiff Home Real Estate, Loan and Insur-
ance Company is the rental agent in charge of said building for the
purpose of leasing same and collecting rent therefor. Said agent leased

an apartment in said building to Mrs. J. Locker 15 March, 1931. Said lease was signed by and in the name of William Jaeger. On 20 August, 1931, Mrs. Locker vacated the premises and was at that time in arrears in rent in amount of $50.00. The rental agent instituted an action before a magistrate for the recovery of the rent 21 August, 1931, and in connection therewith sued out a writ of attachment under which the furniture moved from said premises by the defendants was attached. The magistrate rendered judgment in favor of the plaintiff and the defendants appealed to the Superior Court.

The cause came on for hearing in the court below 2 February, 1938. When the case was called for trial motion was made that William Jaeger be made a party plaintiff. This motion was allowed and a formal order was signed making the said William Jaeger a party plaintiff 5 February, 1938. Upon the making of William Jaeger a party plaintiff the defendants set up and pleaded the three-year statute of limitation in bar of plaintiff's right to recover.

Issues were submitted to the jury on plaintiffs' cause of action and the court charged the jury on the third issue directed to the defendants' plea of the statute of limitations as follows: "The court instructs you that in the light of all the evidence in this case, if you believe it and find the facts to be as the evidence tends to show, and reach the third issue, it would be your duty to answer that issue 'No.'"

The issues were answered in favor of the plaintiffs. The defendants excepted to the judgment thereon and appealed.

*No counsel for plaintiffs.*
*A. B. Cummings for defendants, appellants.*

BARNHILL, J. Actions must be instituted in the name of the real party in interest. C. S., 446. *Rogers v. Gooch,* 87 N. C., 442; *Rental Co. v. Justice,* 211 N. C., 54; *Ballinger v. Cureton,* 104 N. C., 474.

The provisions of C. S., 2367, do not modify this rule in relation to suits in ejectment or for the collection of rents. *Rental Co. v. Justice, supra; Martin v. Mask,* 158 N. C., 436.

The court has the power to make additional parties plaintiff or defendant. C. S., 547. However, when the court makes a new party plaintiff it constitutes a new action against the defendant as to the new party and the action as to him does not relate back to the date of the institution of the original cause so as to deprive the defendants of the right to plead the statute of limitations in bar of recovery in such action. *Goodwin v. Fertilizer Works,* 123 N. C., 162; *Reynolds v. R. R.,* 136 N. C., 345; *Sams v. Price,* 121 N. C., 392; *Fishell v. Evans,* 193 N. C., 660.

The cause was instituted 21 August, 1931, and the real party in interest was made a party plaintiff on 2 February, 1938, more than six years after the rents for which this suit was instituted became due. As the rental agent was not authorized to maintain this action and the real party in interest was made a party plaintiff more than three years after the maturity date of the amount which is the subject matter of the suit, it follows that the plea of the statute of limitations by the defendants is good. The charge of the court on the third issue was erroneous. The defendants' motion to nonsuit should have been allowed.

Judgment should be entered dismissing the action at the cost of the plaintiffs.

Reversed.