Thomas P. McNAMARA, as Ancillary Administrator of the Estate of Lawrence William Helmick, deceased, Plaintiff,

v.

KERR–McGEE CHEMICAL CORP. et al., Defendants.

Civ. No. 2342.

United States District Court, E. D. North Carolina, Raleigh Division.

July 12, 1971.

Thomas F. Ellis, Maupin Taylor & Ellis, Raleigh, N. C., for plaintiff.

J. C. Moore, Raleigh, N. C., for defendant, Kerr-McGee Chemical Corp.

John E. Aldridge, Jr., Raleigh, N. C., for defendant, Metal Equipment Co., Inc.

Willis Smith, Jr., Raleigh, N. C., for defendant, Allied Chemical Corp.

## ORDER

BUTLER, Chief Judge.

This wrongful death action is before the court upon plaintiff's motions for leave to amend the complaint and for substitution of a party plaintiff and for ratification of the complaint. Also before the court are motions to dismiss the complaint filed by all parties defendant alleging plaintiff's lack of capacity to sue, and a motion to dismiss as to defendant, Metal Equipment Company, alleging improper service of process under the North Carolina "long arm" statute, N.C.G.S. § 55–145.

On May 10, 1967, William Lawrence Helmick, a resident of Virginia, died intestate in Duplin County, North Carolina. On May 9, 1969, plaintiff filed the complaint within the two year statute of limitations alleging his appointment by the Clerk of the Superior Court of Wake County, North Carolina, as the ancillary administrator of the decedent's estate. The answer of defendant, Allied Chemical Corporation, filed on August 28, 1969, raised the issue of plaintiff's capacity to bring this suit by alleging that the only asset present in this State that would support his appointment was the

action for wrongful death in Duplin County. N.C.G.S. § 28–1(4).

On April 9, 1970, upon the motion of the defendant, Allied Chemical Corporation, the Clerk of the Superior Court of Wake County vacated plaintiff's appointment as ancillary administrator of the decedent's estate. Included in that order was the Clerk's finding of fact that plaintiff had qualified as ancillary administrator in Duplin County on September 3, 1969, and had been issued letters of administration. The Clerk's order vacating plaintiff's appointment in Wake County was affirmed upon appeal to the Superior Court of Wake County.

On February 12, 1970, after the statute of limitations had run, plaintiff filed a motion for leave to amend the complaint by striking out the word "Wake" and substituting the word "Duplin" in reference to the county of his appointment as ancillary administrator. Also filed on that date was plaintiff's motion to substitute Thomas P. McNamara as party plaintiff under his appointment as ancillary administrator by the Superior Court of Duplin County and to ratify the commencement of this action.

Thereafter, motions to dismiss the complaint based upon plaintiff's alleged lack of capacity to sue were filed by defendants, Metal Equipment Company, Allied Chemical Corporation, and Kerr-McGee Chemical Corporation. Defendant, Metal Equipment Company, filed an additional motion to dismiss alleging that the attempted service upon it by service upon the Secretary of State was void for reason that defendant was not and is not transacting business within the State of North Carolina. At the hearing of the several motions before this court, the parties stipulated that, because of plaintiff's lack of opportunity to reply to defendant, Metal Equipment Company's motion to dismiss on jurisdictional grounds, the court should hear that motion upon briefs submitted by the parties. The court has now received plaintiff's reply brief stating that should the court rule in favor of plaintiff's motions, further discovery would be necessary to determine the extent of Metal Equipment's business contacts in this State and requesting the court to hold in abeyance its ruling on that motion for a period sufficient to allow further discovery.

■ The court is of the opinion that the issues raised by defendants' motions to dismiss the action, and by plaintiff's motion for substitution of a party plaintiff and for ratification of the complaint must be determined by the application of North Carolina law. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

In Graves v. Welborn, 260 N.C. 688, 133 S.E.2d 761 (1963), the North Carolina Supreme Court held that where the action for wrongful death was brought prior to the running of the statute by one who, in good faith and with some reason, albeit mistakenly, believed herself to be the duly appointed administratrix at the time the suit was instituted, the subsequent issuance of proper letters related back to the commencement of the action so as to avoid the bar of the two year statute of limitations. Thus, if the court were bound by this interpretation, it would be necessary to determine whether plaintiff acted in good faith in alleging his proper appointment in Wake County in the original complaint, or whether he, in the words of *Graves*, was a mere "pretender". The court, however, is of the opinion that the enactment of Rules 15 and 17 of the North Carolina Rules of Civil Procedure, subsequent to the decision in *Graves*, has resulted in substantial changes in the applicable State law. In view of those changes, this court's task is to determine what result the North Carolina Supreme Court would reach if this case were now before it.

■ Rule 15(a) of the North Carolina Rules of Civil Procedure, effective as of January 1, 1970, as to all actions pending on that date, is substantially a counterpart to Rule 15(a), Federal Rules of Civil Procedure. Both provide that

after a responsive pleading is served, a party may amend his pleading by leave of court, and that "leave shall be freely given when justice so requires." North Carolina Rule 15(c), governing the relation back of amendments, reads as follows:

A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

The editorial comment to that subsection indicates that it was drawn from Rule 3025, New York Civil Practice Law and Rules, and quotes *Wachtell's* comment on the New York Rules from which section (c) is drawn which states that "The amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved."

The original complaint in this case gave the defendants full notice and knowledge of the nature of the action and the occurrences out of which it arose, and the defendants have not been prejudiced in any way by the relation back of the amendment in this case.

The court is of the opinion that the North Carolina Supreme Court would hold that the enactment of Rule 15(c) changes the North Carolina law to conform to the majority state court rule [1] and to the established rule in the Federal courts. The court is further of the opinion that the requirements of Rule 15(a) and (c) are met, and therefore, in the interests of justice, plaintiff's motion to amend the complaint by substituting the word "Duplin" for the word "Wake" is hereby granted.

The court is also of the opinion that plaintiff's motion to substitute a party plaintiff and to ratify the complaint must be granted for the reasons that follow. In 1969 the General Assembly of North Carolina amended Rule 17(a) of the Rules of Civil Procedure which provides that "Every claim shall be prosecuted in the name of the real party in interest * * *" by adding the following sentence:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification * * * shall have the same effect as if the action had been commenced in the name of the real party in interest.

This amendment, also effective as of January 1, 1970, and made applicable to actions pending on that date (including the instant case) as well as to actions commenced on and after that date, is identical to the corresponding portion of Rule 17(a) of the Federal Rules of Civil Procedure as amended February 28, 1966, effective July 1, 1966. The notes of the Advisory Committee on federal rules state that the amendment was intended to codify the salutary principle of Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953) and Link Aviation, Inc. v. Downs, 117 U.S. App.D.C. 40, 325 F.2d 613 (1963). In *Levinson* the court held that under federal practice where a libel to recover damages under a state wrongful death act was timely filed by an ancillary administrator appointed, as here, by a state court without jurisdiction to do so, the libel could be amended at a time when a new suit would be barred so as to allege the subsequent effective appointment of the same person as ancillary administrator by a state court hav-

---

1. See, Annot., "Running of Statute of Limitations as Affected by Doctrine of Relation back of Appointment by Administrator," 3 ALR 3d 1234 (1965).

ing jurisdiction. In *Link* where a suit for damages was brought by the insured after the insurers had paid their claim prior to the filing of the suit and therefore became the real party in interest, the court held that a motion to amend the complaint to substitute the insurers as plaintiffs did not set forth a new cause of action which would be barred because the statute of limitations had run at the time the motion was made.

In Graves v. Welborn, *supra*, 260 N.C. at 694, 133 S.E.2d at 765, Justice Sharp, speaking for the Supreme Court of North Carolina said:

It is a long established rule in the Federal courts that a lack of letters of administration may be cured, and an objection to want of capacity to sue, may be avoided by amendment or by substitution of the proper party at any time before hearing. Later appointments of this nature will relate back and validate the proceedings from the beginning regardless of the statute of limitations. Lopez v. United States [82 F.2d 982 (4 Cir. 1936)]; Deupree v. Levinson, 6 Cir., 186 F.2d 297 and cases therein cited.

*Deupree* has been previously discussed herein.

In *Lopez* the brother and sister of a deceased war veteran instituted an action to recover on a war risk policy prior to the bar of the statute of limitations. They had no right to recover in their individual capacity. After the running of the statute they became parties as personal representatives of the decedent. Judge Soper, speaking for the Fourth Circuit Court of Appeals, said:

We think * * * that the [subsequent] complaint * * * may be considered as an amendment of the original complaint and that it may properly be said that the action was instituted * * * prior to the expiration of the period of limitation. While the North Carolina holding is to the contrary (Bennett v. North Carolina R. Co., 159 N.C. 345, 74 S.E. 883), the clear weight of authority supports the rule, that 'an amendment

changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations' * * * and this is the rule applied by the federal courts under R. S. § 954, 28 U.S.C.A. § 777. (Citations omitted.) *Supra*, 82 F.2d at 987.

North Carolina has now adopted the federal rules relevant to the issues in this case, and it is reasonable to assume that the legislature was aware of the long established interpretation of such rules by the federal courts, and such interpretation is entitled to great weight in determining the legislative intent.

The court being of the opinion that it is bound by these interpretations of Rule 17(a), and that plaintiff's motions for substitution and ratification were made within a reasonable time after defendant's objection, hereby grants said motions. For the reasons above, defendants' motions to dismiss alleging plaintiff's lack of capacity to sue are hereby denied.

The court will hold in abeyance its ruling on the motion of the defendant, Metal Equipment Company, to dismiss on jurisdictional grounds pending further discovery.