TRACY BURCL, ADMINISTRATRIX OF THE ESTATE OF PATRICIA B. HYLTON v. NORTH CAROLINA BAPTIST HOSPITAL, INC.; DR. KATHRYN W. COLLIER; DR. JOHN S. COMPERE; DR. DAVID M. DEWAN; DR. DONALD A. DEWHURST; DR. C. NASH HERNDON, ASSOCIATE DEAN; DR. LAURENCE F. HILLER; DR. JAMES J. HUTSON; DR. THOMAS H. IRVING, CHAIRMAN OF THE DEPARTMENT OF ANESTHESIOLOGY; DR. RICHARD JANEWAY, DEAN OF BOWMAN GRAY SCHOOL OF MEDICINE; DR. WAYNE JARMAN; DR. JOSEPH E. JOHNSON, III, CHAIRMAN OF THE DEPARTMENT OF MEDICINE; DR. JULIAN F. KEITH, CHAIRMAN OF THE DEPARTMENT OF FAMILY AND COMMUNITY MEDICINE; FAYE L. MAGNESON; DR. MANSON MEADS, DIRECTOR OF MEDICAL CENTER BOARD; DR. JESSE H. MEREDITH; DR. JOHN C. MUELLER; DR. JOHN MUSTOL; DR. RICHARD T. MYERS, CHAIRMAN OF THE DEPARTMENT OF SURGERY; DR. PATRICIA POTTER; DR. THOMAS J. POULTON; DR. RICHARD PROCTOR, CHAIRMAN OF THE DEPARTMENT OF PSYCHIATRY; DR. L. EARL WATTS; JOHN LYNCH, ADMINISTRATOR OF NORTH CAROLINA BAPTIST HOSPITAL, INC.; AND WAKE FOREST UNIVERSITY, INC., d/b/a BOWMAN GRAY SCHOOL OF MEDICINE OF WAKE FOREST UNIVERSITY

No. 112A81

(Filed 13 July 1982)

**Death § 4.3; Executors and Administrators § 3— wrongful death action—foreign administratrix—supplemental pleading to show qualification as local administratrix—relation back**

Where the original pleading in a wrongful death action instituted by a foreign administratrix who had not qualified locally gave notice of the transactions and occurrences upon which the claim was based, plaintiff was entitled

under G.S. 1A-1, Rules 15(c) and 17(a) to file a supplemental pleading to show due qualification locally as ancillary administratrix occurring after the statute of limitations had run and to have the pleading relate back to the commencement of the action so that the claim was not time barred. Furthermore, plaintiff as ancillary administratrix was entitled under G.S. 28A-13-1 to adopt and ratify the original pleading which she filed as foreign administratrix.

Chief Justice BRANCH and Justice MITCHELL took no part in the consideration or decision of this case.

ON plaintiff's petition for further review of the Court of Appeals' decision, 47 N.C. App. 127, 266 S.E. 2d 726 (1980), opinion by *Judge Erwin* with *Chief Judge Morris* and *Judge Clark* concurring, which affirmed an order of *Judge Hairston,* presiding at the 8 October 1979 Session of FORSYTH Superior Court, denying plaintiff's motion to amend and allowing defendants' motions to dismiss the complaint. Plaintiff's petition for further review was initially denied on 15 August 1980, 301 N.C. 86, --- S.E. 2d ---, but on reconsideration was allowed on 7 October 1980, 301 N.C. 234, 273 S.E. 2d 444. This case was argued as No. 59 at the Spring Term 1981.

*Michael J. Lewis, Attorney for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by R. M. Stockton, Jr., and Robert J. Lawing, Attorneys for defendant appellees, North Carolina Baptist Hospital, Inc., Dr. Kathryn W. Collier, Dr. David M. Dewan, Dr. Laurence F. Hiller, Dr. James J. Hutson, Dr. Wayne Jarman, Faye L. Magneson, Dr. John Mustol, Dr. Thomas J. Poulton and John Lynch.*

*Bell, Davis & Pitt, by William K. Davis, Attorneys for defendant appellees, Dewhurst, Herndon, Irving, Janeway, Johnson, Keith, Meads, Mueller, Potter, Proctor, Watts, and Wake Forest University, d/b/a Bowman Gray School of Medicine.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr., and Nigle B. Barrow, Jr., Attorneys for defendant appellees, Dr. Jesse H. Meredith and Dr. Richard T. Myers.*

EXUM, Justice.

This is a wrongful death action in which plaintiff sued in her capacity as foreign administrator of decedent's estate within the

two-year period of limitations. After this period had run she qualified locally as ancillary administrator and sought to plead in the trial court to show this fact and have this pleading relate back to the commencement of the action. The question is whether such a pleading may be permitted to defeat defendants' motions to dismiss grounded on the running of the statute of limitations. We recognize that our older cases answered this question negatively; but we believe that our present Rules of Civil Procedure 15 and 17(a) require that such a pleading now be permitted and that the holdings of these older cases be overruled.

Plaintiff alleges that her daughter's death on 29 July 1977, following abdominal surgery at Baptist Hospital, was caused by defendants' negligence. When complaint was filed on 25 July 1979, plaintiff had duly qualified as administrator of her daughter's estate in Henry County, Virginia, where her daughter resided, but she had not qualified as ancillary administrator in North Carolina. The caption of the complaint, nonetheless, showed that plaintiff was suing in her capacity as administrator, and she alleged in her complaint that she was "the duly qualified and acting" administrator of her daughter's estate.

On 13 September 1979 all defendants, before filing answer,[1] moved to dismiss the action on the ground, among others, that plaintiff, not having qualified locally, lacked "capacity," "standing" and "authority" to maintain the action. Plaintiff responded by qualifying on 20 September 1979 as ancillary administrator in Forsyth County and moving on 21 September 1979 to be permitted to plead to show her ancillary qualification. Plaintiff's motion recited that having qualified as administrator in Virginia and being unaware of any requirement that she likewise qualify in North Carolina, she brought her action in this state "in good faith [believing] that I was in all respects duly qualified and appointed to represent the Estate of my daughter." She based her motion on North Carolina Rules of Civil Procedure 15(c) and 17(a) and asked that the plea showing her local qualification relate back to the commencement of her action. She also asked in her proper capacity as ancillary administrator to be permitted under

---

1. The parties had earlier stipulated that answer would not be due until 14 September 1979.

G.S. 28A-13-1 to adopt and ratify the pleadings filed by her as foreign administrator of her daughter's estate.

Judge Hairston, after hearing arguments, concluded that "plaintiff cannot have an amendment to the Complaint relate back so as to defeat the bar of the statute of limitations." He denied plaintiff's motion and allowed defendants' motions to dismiss.

The Court of Appeals concluded likewise and affirmed. It relied on several of its own decisions[2] which had, in turn, relied on decisions of this Court made before the adoption of our present Rules of Civil Procedure. We conclude that present Rules 15 and 17(a) dictate a different result from that which has so far been reached by the Court of Appeals on this question, and which was reached by our cases decided before the enactment of these rules. We, therefore, reverse the Court of Appeals and remand for further proceedings not inconsistent with this opinion.

We begin by recognizing familiar legal principles: A wrongful death action is a creature of statute and may be brought only as the authorizing statutes permit. *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968); *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761 (1963) (discussed in Annot., 3 ALR 3d 1234 (1965)); *Webb v. Eggleston,* 228 N.C. 574, 46 S.E. 2d 700 (1948). Thus a wrongful death action may be brought only "by the personal representative or collector of the decedent." G.S. 28A-18-2; *Graves v. Welborn, supra* (interpreting predecessor of G.S. 28A-18-2). Parents may not maintain such actions in their individual capacities for deaths of their children. *Killian v. Southern Ry. Co.,* 128 N.C. 261, 38 S.E. 873 (1901); *Scarlett v. Norwood,* 115 N.C. 284, 20 S.E. 459 (1894). A foreign administrator lacks "capacity to sue" in a wrongful death action in North Carolina. *Monfils v. Hazlewood,* 218 N.C. 215, 216,

---

2. These were *Sims v. REA Construction Co.,* 25 N.C. App. 472, 213 S.E. 2d 398 (1975); *Johnson v. Wachovia Bank & Trust Co.,* 22 N.C. App. 8, 205 S.E. 2d 353 (1974); *Merchants Distributors, Inc. v. Hutchinson,* 16 N.C. App. 655, 193 S.E. 2d 436 (1972); and *Reid v. Smith,* 5 N.C. App. 646, 169 S.E. 2d 14 (1969). The present Rules of Civil Procedure were not applicable in *Reid.* The Court of Appeals did not discuss these rules in any of the other cases except *Merchants Distributors, Inc.* In that case there was no attempt by the locally qualified ancillary administrator to invoke Rule 15(c). Only a foreign administrator attempted to invoke the rule, although there was in existence a locally qualified ancillary administrator. 16 N.C. App. at 660-61, 193 S.E. 2d at 440.

---

---

10 S.E. 2d 673, 673 (1940);[3] *see also* G.S. 28A-26-6. The plaintiff in a wrongful death action must both allege and prove that he has the capacity to sue. N.C.R. Civ. P. 9(a); *Carr v. Lee,* 249 N.C. 712, 107 S.E. 2d 544 (1959); *Journigan v. Little River Ice Co.,* 233 N.C. 180, 63 S.E. 2d 183 (1951).

Before our present Rules of Civil Procedure became effective, it was also a familiar principle that if a wrongful death action was brought by a foreign personal representative who had not qualified locally within the period permitted for bringing the action, the complaint could not be amended to show that after the expiration of such period the plaintiff had locally qualified. Instead, the action was dismissed as not having been timely filed. *Hall v. Southern Ry. Co.,* 149 N.C. 108, 62 S.E. 899 (1908).[4] Sensitive to the harshness of this rule, this Court in *Graves v. Welborn, supra,* 260 N.C. 688, 133 S.E. 2d 761, created an exception to it in the case of a wrongful death plaintiff who had applied for letters of administration at the time the action was brought and who in good faith believed she was then the duly qualified administrator, even though she had not been issued letters of administration because the surety failed to execute the bond. After the surety executed the bond, letters were issued but the statute of limitations had then run. *Graves* held that under such circumstances plaintiff could amend her complaint to show her due qualification and the amendment would relate back to the beginning of the action so that the action would not be barred by time.

*Graves* is the most thoroughly considered decision by this Court on the point in question. In a well-researched opinion by Justice, later Chief Justice, Sharp, the Court noted: "[I]t is the universal rule that all previous acts of the personal representative prior to his appointment which were beneficial in nature to

---

3. When *Monfils* was decided a nonresident could not be appointed ancillary administrator in North Carolina. 218 N.C. at 216, 10 S.E. 2d at 673. Under the statute applicable to this case, a nonresident may qualify locally as ancillary personal representative. G.S. 28A-26-3.

4. When this rule was established, the period of limitation was a condition precedent to maintaining the action. Later it was made a true statute of limitations. See discussion of the change in *Graves v. Welborn, supra* in text, 260 N.C. at 691, 133 S.E. 2d at 763. It is noteworthy that *Graves* is our only case involving a question similar to the one at bar decided after this change, and *Graves* permitted a similar amendment to relate back.

.

the estate and which would have been within the scope of his authority had he been duly qualified, are validated upon his appointment which relates back to the death of the intestate for this purpose." 260 N.C. at 692, 133 S.E. 2d at 764.[5] The Court recognized, however, that state courts were not in accord on whether the due appointment of a personal representative "will relate back so as to validate *an action* brought prior to the appointment." 260 N.C. at 693-94, 133 S.E. 2d at 764 (emphasis supplied).[6] But the "long established rule in the Federal courts [was] that a lack of letters of administration may be cured, and an objection to want of capacity to sue, may be avoided by amendment or by substitution of the proper party at any time before hearing. Later appointments of this nature will relate back and validate the proceedings from the beginning regardless of the statute of limitations." 260 N.C. at 694, 133 S.E. 2d at 765. The *Graves* Court also recognized that the majority rule prevailing at that time was that "an amendment which changes the capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of the statute of limitations," but that this was not the rule followed in North Carolina. 260 N.C. at 691, 133 S.E. 2d at 763.

A strong argument can be made that because plaintiff here brought her action not as an individual, but in her representative capacity as administrator, and believed in good faith that she was duly authorized to bring it, she should under the *Graves* rationale be permitted to amend her pleading to show her local qualification and have it relate back to the commencement of her action. We need not, however, rest our decision on this ground, for we are satisfied that Civil Procedure Rules 15 and 17, enacted since *Graves,* require the result reached in that case.

To understand the change wrought by these new rules, it is necessary to examine the rationale upon which our older cases on the point in question were decided. In essence, they were based on the notion that a change in plaintiff's capacity to sue was tan-

---

5. *Graves* is our only decision on the relation-back question which recognized this principle. This principle is now codified in G.S. 28A-13-1.

6. For an annotation showing the division among the states recognized in *Graves,* see Annot., "Change in party after statute of limitations has run," 8 A.L.R. 2d 6 (1949) (sections 38-41 especially pertinent).

tamount to bringing a new cause of action. The rigidity of the notion is well illustrated in *Bennett v. Railroad*, 159 N.C. 345, 74 S.E. 883 (1912). Complaint in a wrongful death action was filed on 4 July 1910 by the widow of the deceased in her individual capacity. After the period within which the action could be brought had expired, the trial court permitted plaintiff to amend her complaint "at Spring Term, 1912" by adding the word "administratrix" after her name. On defendant's appeal, the Supreme Court reversed and dismissed the action. The Court concluded that "plaintiff individually had no cause of action against the defendant for the alleged death of her husband by reason of the defendant's negligence . . . [and] the effect of the amendment is to change the entire character of the action [and] . . . the court has no power to convert a pending action that cannot be maintained into a new and different action by the process of amendment." *Id.* at 346-47, 74 S.E. at 883.

The first case holding that an action brought by a foreign administrator within the period required could not be saved when the administrator qualified locally after the expiration of the period by an amendment showing the local qualification was *Hall v. Southern Ry. Co., supra,* 149 N.C. 108, 62 S.E. 899. The Court said the trial court "should not have allowed the amendment, but the plaintiff, under his qualification as administrator in this State, should have been required to bring a separate and independent action." 149 N.C. at 110, 62 S.E. at 899.

This same notion was applied when the question whether plaintiff was the real party in interest was raised. Pleading statutes in effect in older cases required, as Rule 17 now requires with certain exceptions not here pertinent, that "[e]very action shall be prosecuted in the name of the real party in interest." *Compare* N.C. Rule Civ. P. 17(a) *with* G.S. 1-57 (1953), C.S. § 446 (1919), Rev. § 400 (1908), Code § 177 (1883), and Code of Civ. P. § 55 (1868). In *Home Real Estate, Loan and Ins. Co. v. Locker,* 214 N.C. 1, 197 S.E. 555 (1938), an action for rent was brought by the landlord's rental agent. The claim arose in 1931 when the tenant defaulted and vacated. When the matter came on for trial, a motion that the landlord be made a party plaintiff was allowed by order signed 5 February 1938. When the landlord was made a party plaintiff, defendant pleaded the three-year statute of limitations in bar of the claim. A verdict for plaintiff at trial was

reversed on appeal. The Court, noting that "[a]ctions must be in-
stituted in the name of the real party in interest," 214 N.C. at 2,
197 S.E. at 556, stated further, *id.*:

> The court has the power to make additional parties
> plaintiff or defendant. C.S., 547. However, when the court
> makes a new party plaintiff it constitutes a new action
> against the defendant as to the new party and the action as
> to him does not relate back to the date of the institution of
> the original cause so as to deprive the defendants of the right
> to plead the statute of limitations in bar of recovery in such
> action.

When these older cases were decided, it was also a rule of
pleading that any amendment to a complaint which stated a new
cause of action, even on the same facts originally alleged, could
not be allowed if the statute of limitations had intervened. The
rule was "that a new cause of action may be introduced by way of
amendment to the original pleading; but . . . if the amendment in-
troduce[s] a new matter, or cause of action different from the one
first propounded, and with respect to which the statute of limita-
tions would then operate as a bar, such defense or plea will have
the same force and effect as if the amendment were a new and in-
dependent suit." *Capps v. Atlantic Coast Line R. R. Co.*, 183 N.C.
181, 187, 111 S.E. 533, 536 (1922). *See generally*, Note, "Pleading—
Amendments Changing the Cause of Action—Limitations of Ac-
tion—New Statute Proposed," 25 N.C. L. Rev. 76 (1947). William
A. Dees, Jr., author of the cited note, pointed out the difficulty in
distinguishing between permissible and impermissible amend-
ments. Amendments which only "enlarged, narrowed, amplified,
or fortified" the complaint were allowed even after the statute of
limitations had intervened, while amendments which stated a new
cause of action were not. *Id.* at 77-79. He concluded the article as
follows:

> The purpose of the statute of limitations is to prevent a
> plaintiff from taking advantage of a defendant by instigating
> a claim arising out of a transaction or conduct which occurred
> so long before as to place the defendant at a disadvantage in
> defeating the claim or defending himself. The statute can be
> tolled by a summons sketchily defining the transaction or
> conduct complained of. It would seem that the greatest

liberality in amending the pleading would be called for in this situation for the sake of fairness to all parties. In speaking to this very point Mr. Justice Holmes said, 'Of course an argument can be made on the other side, but when the defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.'

It has been suggested that the desired liberality may be attained by changing the rule rather than liberally defining the term 'cause of action.' Several states and the federal courts have done so. The North Carolina amendment statutes are closely in accord with the Federal Rules except in connection with the all important matter of relation back. The relation back provision of the Federal Rules is as follows:

'15(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'

This rule does not defeat the legitimate use of the statute of limitations. It does, however, prevent the defendant from defeating the plaintiff's claim on a technicality in the pleading. This is the desired result and avowed purpose of modern pleading. The adoption of the above provision from the Federal Rules by the North Carolina legislature would clarify the present confusion on this issue and place the North Carolina rules of pleading in accord with the liberal and just practice of modern pleading.

*Id.* at 83-84 (footnotes omitted).

New Rules of Civil Procedure were finally adopted by North Carolina in 1967, Act of June 27, 1967, ch. 954, 1967 N.C. Sess. Laws 1274, and certain amendments were added in 1969, Act of June 19, 1969, ch. 895, 1969 N.C. Sess. Laws 1026. The rules originally became effective on 1 July 1969 and the 1969 amendments on 1 January 1970. Rules 15 and 17 are pertinent to this

case. Rule 15, as its caption indicates, deals with "[a]mended and supplemental pleadings." It provides, in pertinent part, as follows:

(a) *Amendments.*— A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served . . . .

. . . .

(c) *Relation back of amendments.*— A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

(d) *Supplemental pleadings.*— Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which may have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.

Rule 17 is captioned: "Parties plaintiff and defendant; capacity." As originally adopted, subsection (a) of this rule provided, in pertinent part, simply that "[e]very claim shall be prosecuted in the name of the real party in interest." Act of June 27, 1967, ch. 954, 1967 N.C. Sess. Laws 1274, 1293. Subsection (a) was amended in 1969 by addition of the following language:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Act of June 19, 1969, ch. 895, 1969 N.C. Sess. Laws 1026, 1029-30.

These rules, like most of our Rules of Civil Procedure, are modeled after the federal rules and, like the federal rules, draw in some instances on the Civil Practice Rules of New York. Thus, as this Court said in *Sutton v. Duke*, 277 N.C. 94, 101, 176 S.E. 2d 161, 165 (1970): "[S]ince the federal and, presumably, the New York rules are the source of NCRCP, we will look to the decisions of those jurisdictions for enlightenment and guidance as we develop 'the philosophy of the new rules.' " The United States Supreme Court in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966), said:

> These rules [federal rules] were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

It is at once apparent from the face of Rules 15(c) and 17(a) that they have changed our approach to the problems, respectively, of whether a given pleading relates back to the beginning of the action and how to deal with a claim brought by a party who has no capacity to sue. Whether an amendment to a pleading relates back under Rule 15(c) depends no longer on an analysis of whether it states a new cause of action; it depends, rather, on whether the original pleading gives "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C. R. Civ. P. 15(c). The Official Comment to North Carolina Rule 15(c) quotes Wachtell, *New York Practice under the CPLR* 141 (1963), in part as follows: "The amended pleading will therefore relate back if the new pleading merely amplifies the old cause of action, or now even if the new pleading constitutes a new cause of action, provided that the defending party had originally been placed on notice of the events involved." *See also* Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest Intra. L. Rev. 1, 22-23 (1969). Rule 17(a) will necessarily change the result reached in cases like *Home Real Estate, Loan and Ins. Co. v. Locker, supra*, 214 N.C. 1, 197

S.E. 555. No longer is the real party in interest in a case preclud-
ed from being made the plaintiff after the statute of limitations
has run on a claim timely filed by one who lacked the capacity to
sue because he was not the real party in interest. Rather, under
Rule 17(a), "a reasonable time [must be] allowed after objection
for ratification of commencement of the action by, or joinder or
substitution of, the real party in interest; and such ratification,
joinder or substitution shall have the same effect as if the action
had been commenced in the name of the real party in interest."
This language was added to the federal rules effective 1 July
1966, 383 U.S. 1029, 1045 (1965), and, as already noted, to our
rules effective 1 January 1970.

Our Eastern District Federal Court pointed out in *McNamara
v. Kerr-McGee Chemical Corp.*, 328 F. Supp. 1058, 1060-61 (E.D.
N.C. 1971):

> The notes of the Advisory Committee on federal rules state
> that the amendment was intended to codify the salutary prin-
> ciple of *Levinson v. Deupree*, 345 U.S. 648, 73 S.Ct. 914, 97
> L.Ed. 1319 (1953) and *Link Aviation, Inc. v. Downs*, 117 U.S.
> App. D.C. 40, 325 F. 2d 613 (1963). In *Levinson* the court held
> that under federal practice where a libel to recover damages
> under a state wrongful death act was timely filed by an an-
> cillary adminstrator appointed, as here, by a state court
> without jurisdiction to do so, the libel could be amended at a
> time when a new suit would be barred so as to allege the
> subsequent effective appointment of the same person as an-
> cillary administrator by a state court having jurisdiction. In
> *Link* where a suit for damages was brought by the insured
> after the insurers had paid their claim prior to the filing of
> the suit and therefore became the real party in interest, the
> court held that a motion to amend the complaint to substitute
> the insurers as plaintiffs did not set forth a new cause of ac-
> tion which would be barred because the statute of limitations
> had run at the time the motion was made.[7]

---

7. The notes of the Advisory Committee are indicative of the limits of the
amendment as well as its purpose:

> This provision keeps pace with the law as it is actually developing.
> Modern decisions are inclined to be lenient when an honest mistake has been
> made in choosing the party in whose name the action is to be filed—in both

*McNamara* held specifically that under Rules 15(c) and 17(a), as adopted by North Carolina, a plaintiff in a wrongful death action brought in a North Carolina federal district court as a diversity action may amend the complaint to show due qualification as personal representative occurring after the two-year statute of limitations has run and have the amendment relate back to the beginning of the suit so that the claim will not be time barred. The Court concluded its opinion by saying, 328 F. Supp. at 1061:

> North Carolina has now adopted the federal rules relevant to the issues in this case, and it is reasonable to assume that the legislature was aware of the long established interpretation of such rules by the federal courts, and such interpretation is entitled to great weight in determining the legislative intent.
>
> The court being of the opinion that it is bound by these interpretations of Rule 17(a), and that plaintiff's motions for substitution and ratification were made within a reasonable time after defendant's objection, hereby grants said motions. For the reasons above, defendants' motions to dismiss alleging plaintiff's lack of capacity to sue are hereby denied.

Federal courts in interpreting Rules 15(c) and 17(a) have uniformly held that amendments showing a change in plaintiff's

---

maritime and nonmaritime cases. See *Levinson v. Deupree,* 345 U.S. 648 (1953); *Link Aviation, Inc. v. Downs,* 325 F. 2d 613 (D.C. Cir. 1963). The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period. It is, in cases of this sort, intended to insure against forfeiture and injustice—in short, to codify in broad terms the salutary principle of *Levinson v. Deupree,* 345 U.S. 648 (1953), and *Link Aviation, Inc. v. Downs,* 325 F. 2d 613 (D.C. Cir. 1963).

Fed. R. Civ. P. 17 advisory committee note.

capacity to maintain the action relate back to the action's commencement. *See* 3 J. Moore, Moore's Federal Practice ¶15.15[4.-1] at 15-212 (1982); C. Wright & A. Miller, Federal Practice & Procedure, § 1555 (1971). This principle has been specifically applied to wrongful death actions in which the plaintiff had not under applicable state law duly qualified as the personal representative until after the statute of limitations had run on the claim. The courts have permitted plaintiffs to show by a new pleading the due qualification and have the pleading relate back to the action's commencement. *See, e.g., Davis v. Piper Aircraft Corp.,* 615 F. 2d 606 (4th Cir.), *cert. dismissed,* 448 U.S. 911 (1980); *Hunt v. Penn Central Transp. Co.,* 414 F. Supp. 1157 (W.D. Pa. 1976); *McNamara v. Chemical Corp., supra,* 328 F. Supp. 1058; *Holmes v. Pennsylvania New York Central Transp. Co.,* 48 FRD 449 (N.D. Ind. 1969); *cf. Longbottom v. Swaby,* 397 F. 2d 45 (5th Cir. 1968) (complaint allowed amended to change description of plaintiffs from "minor children" to "dependents," a substantive change under applicable law); *Crowder v. Gordon's Transport, Inc.,* 387 F. 2d 413 (8th Cir. 1967) (complaint amended to show claims brought by minor children of decedent). Indeed, this is the result reached presently "in the great majority of cases" more recently decided by state courts. Annot., "Running of Statute of Limitations as Affected by Doctrine of Relation Back of Appointment of Administrator," 3 A.L.R. 3d 1234, 1237 (1965). Presumably this is because more states have adopted the federal rules or rules similar to them.

We agree with the Fourth Circuit Court of Appeals' *Davis* decision, *supra,* 615 F. 2d 606, that plaintiff's motion to "amend" her complaint by showing her due qualification as ancillary administrator is more properly denominated a supplemental pleading under Rule 15(d) because the matter alleged occurred after the original complaint was filed. As the Court in *Davis* said, however: "For relation back purposes, the technical distinction between [a supplemental pleading and an amendment of a former pleading] is not of critical importance, and is frequently simply disregarded by courts [citation omitted]. So long as the test of Fed. R. Civ. P. 15(c) is met, a supplemental pleading should ordinarily be given the same relation back effect as an amended pleading [citation omitted]. On that basis, our analysis will treat Fed. R. 15(c) as applying to the supplemental pleading actually at-

tempted here." *Id.* at 609, n. 3. We also agree with this statement from C. Wright & A. Miller, Federal Practice & Procedure, § 1508 at 556: "There is little basis to distinguish an amended and a supplemental pleading for purposes of relation back if defendant had notice of the subject matter of the dispute and was not prejudiced in preparing his defense."

Therefore, for relation back purposes, we shall treat supplemental pleadings filed pursuant to Rule 15(d) the same as amendments filed pursuant to other sections of Rule 15.[8] We hold that where, as here, the original pleading gives notice of the transactions and occurrences upon which the claim is based, a supplemental pleading that merely changes the capacity in which the plaintiff sues relates back to the commencement of the action as provided in Rule 15(c).

Defendants argue that until plaintiff had duly qualified in North Carolina as ancillary administrator she had no authority to "invoke the jurisdiction" of the court; therefore her claim as originally filed is a nullity and there is nothing to which her amendment showing later qualification can relate back. Defendants base this argument on G.S. 28A-26-6 which provides:

> (a) A domiciliary personal representative of a nonresident decedent *may invoke the jurisdiction of the courts of this State after qualifying as ancillary personal representative* in this State except that he may invoke such jurisdiction prior to qualification for the purpose of appealing from a decision of the clerk of superior court regarding a question of qualification.

---

8. *But see Williams v. Rutherford Freight Lines, Inc.,* 10 N.C. App. 384, 179 S.E. 2d 319 (1971), where a supplemental pleading of special damages occurring after the complaint was filed in a slander *per quod* action was not permitted to relate back. The Court of Appeals rested its opinion on the peculiar facts of that case, saying: "We express no opinion as to whether supplementary pleadings may, in some cases, relate back to the original pleading in order to prevent an action from being barred by the statute of limitations." 10 N.C. App. at 392, 179 S.E. 2d at 325. By our holding here, we do not mean to intimate that the Court of Appeals reached the wrong result in *Williams.* Indeed, relation back in *Williams* was arguably improper because the original pleading did not give defendants notice of the transaction upon which the claim was based, the crucial transaction being that sought to be alleged by the supplemental pleading.

(b) A domiciliary personal representative of a nonresident decedent submits to the jurisdiction of the courts of this State:

(1) As provided in G.S. 1-75.4, or

(2) By receiving payment of money or taking delivery of personal property under G.S. 28A-26-2; or

(3) By acceptance of ancillary letters of administration in this State under G.S. 28A-26-3; or

(4) By doing any act as personal representative in this State which if done as an individual would have given the State jurisdiction over him as an individual.

(Emphasis supplied.)

We do not interpret G.S. 28A-26-6 to mean that a claim filed by a foreign personal representative who has not yet locally qualified is a nullity *ab initio* requiring the institution of a new claim after qualification. At most, the statute is simply another way of saying that the foreign administrator must qualify locally before he has capacity to sue in North Carolina. The statute neither addresses nor answers the question of what must happen procedurally to a claim brought by a foreign personal representative who locally qualifies after the claim is filed. Indeed, G.S. 28A-13-1 speaks more to this question when it provides:

The powers of a personal representative relate back to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. . . . A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.

Whether a claim brought by a foreign personal representative before he is locally qualified must be dismissed and reinstituted or whether this defect can be cured by supplemental pleading in which the claim as instituted is duly ratified by the personal representative after he is locally qualified are questions which must be answered as we have answered them by reference to the principle codified in G.S. 28A-13-1 and to rules of pleading as set out in Rules 15 and 17(a).

Finally defendants argue that Rule 17(a) deals only with real party in interest questions, not questions relating to capacity to sue, which, they say, are governed by Rule 9. We disagree. Rule 9, by its caption, deals with "Pleading special matters." It sets out those things which must be specially and specifically pleaded, one of which is the capacity in which plaintiff sues. Rule 17 is captioned "Parties plaintiff and defendants; capacity." Subsection (a) of this rule deals specifically with what happens when an action is brought by one who is not the real party in interest. Thus Rule 17(a) speaks to a problem very much like, although not identical to, the one we have here, i.e., what happens when an action is brought by a person who has no capacity to sue. Rule 17(a) permits the real party in interest to ratify the action after its commencement and to have the ratification relate back to the commencement. Indeed, amendments to pleadings which substitute the real party in interest for a person who did not enjoy that capacity when he brought the claim is a more drastic change in the kind of claimant than an amendment which merely changes the capacity in which the same named individual is suing. Rule 17(a) expressly authorizes the former substitution of one party for another. Rule 15, particularly subsection (c), when considered in light of Rule 17(a), just as clearly authorizes the latter change in capacity in which the same plaintiff brings his claim.

Defendants had full notice of the transactions and occurrences upon which this wrongful death claim is based when the claim was originally filed within the period of limitations by plaintiff in her capacity as a foreign administrator. They can in no way be prejudiced by allowing plaintiff by supplemental pleading to show the change in her capacity to that of locally qualified ancillary administrator, even though this change occurred after the period of limitations had run. The purpose served by the statute of limitations — protection against stale claims — is in no way compromised by allowing such a pleading to relate back to the action's commencement. To hold otherwise would be to return to hypertechnical pleading restrictions inimical to just resolution of disputed claims, restrictions which our present rules of pleading were designed to overcome.

For the reasons stated we hold that the Court of Appeals erred in affirming Judge Hairston's denial of plaintiff's motion to file a supplemental pleading to show her due qualification as an-

cillary administrator, to adopt and ratify the complaint as filed, and to have the pleading relate back to the commencement of her action, and in allowing defendants' motion to dismiss on the ground that such a procedure was not available. The decision of the Court of Appeals is, therefore, reversed and the matter remanded to Forsyth Superior Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Chief Justice BRANCH and Justice MITCHELL took no part in the consideration or decision of this case.