***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby modifies and affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties prior to the deputy commissioner hearing in a Pre-Trial Agreement and at the deputy commissioner hearing as
 STIPULATIONS
1. All parties are properly before the Commission; and the Commission has jurisdiction of the parties and subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The date of plaintiff's accident is October 15, 1996.
4. At the time of the accident, Antonio D. Vaughan was injured on Wise's Store Road, Hertford County, North Carolina, when he was struck by a school bus driven by Tashandra Barnes.
5. Tashandra Barnes was employed as a school bus driver by Hertford County Schools.
6. The parties stipulated into evidence Plaintiff's Exhibit 1 containing plaintiff's medical records, picture of the accident location, pictures of plaintiff in the hospital and pictures of plaintiff taken in 2000. Defendant objected to pages 1-15, plaintiff's medical bills. However, plaintiff's medical bills were received into evidence.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On October 15, 1996, plaintiff was a 4-year-old boy who was a student at Riverwood Elementary School in the Hertford County Board of Education school system. Plaintiff lived on Wise's Store Road in Murfreesboro, Hertford County, North Carolina.
2. On October 15, 1996, plaintiff was being driven home from school on a Hertford County Board of Education school bus driven by Tashandra Barnes.
3. Wise's Store Road is a two-lane country road divided by a double yellow line. In the direction in which plaintiff's bus travels to return him home, his house is on the opposite side of road from were he exited the bus. This required plaintiff to cross in front of the bus to get to his house.
4. At approximately 3:45 p.m. on October 15, 1996, plaintiff and his 6-year-old brother T.J., upon reaching their bus stop, exited the bus on to the right hand shoulder of Wise's Store Road.
5. As plaintiff and T.J. went to cross in front of the bus, T.J. led and plaintiff followed. As plaintiff was walking in front of the bus, he dropped his book bag and bent over to pick it up. While plaintiff was bent down picking up his book bag and before he had crossed the road, the bus pulled forward hitting plaintiff and causing him serious multiple injuries including a fractured right jaw, a fractured left elbow, abrasions and traumatic brain injury.
6. T.J. started yelling that the bus had hit plaintiff, and Tashandra Barnes stopped the bus. The bus driver escorted plaintiff around behind the bus at which time he was bleeding from the head and was walking hunched over. Ms. Barnes told plaintiff's mother, April Burch Archer, who had been watching at the front door for her children to arrive that she had been distracted by other children misbehaving on the bus and did not see plaintiff. The bus driver then drove off taking the other children home.
7. Plaintiff's mother rushed him in her car to Roanoke Chowan Hospital in Ahoskie, North Carolina where he was diagnosed with multiple traumas. He was thereafter airlifted on the same day to Pitt County Memorial Hospital in Greenville, North Carolina.
8. Plaintiff was an inpatient at Pitt County Memorial Hospital from October 15, 1996 to October 21, 1996. On October 20, 1996, plaintiff had surgery for a closed reduction of his right mandible fracture and his teeth were wired together. Plaintiff's teeth remained wired together for approximately eight weeks. A cast was placed on plaintiff's left arm on October 21, 1996. Plaintiff also had significant abrasions on his head and right shoulder.
9. During his stay at Pitt County Memorial Hospital plaintiff was observed to be experiencing mild auditory memory difficulties, loss of pre-morbid skills, visual motor difficulties, speech difficulties, ambulatory difficulties, decreased affect, delayed processing of visual and verbal information, slow behavior, mild balance problems, eyes not moving in unison and mild perceptual deficits.
10. Upon plaintiff's discharge from the hospital on October 21, 1996, he was referred to the pediatric mild brain injury clinic, to follow up with Dr. Crawford for treatment of his jaw, to follow up with Dr. Williams for orthopaedic treatment for his left elbow and to follow up with the ECU trauma clinic.
11. The range of motion of plaintiff's elbow was normal by December 9, 1996, and on December 3, 1996 the bars were removed from plaintiff's teeth.
12. On April 17, 1997, Dr. Moore of the pediatric rehabilitation clinic found that plaintiff was having problems with visual memory, visual spatial relations, visual sequential memory and visual closure, all from mild traumatic brain injury. From April 17, 1997 to September 4, 1997, plaintiff, due to his mild traumatic brain injury, was exhibiting impulsive and easily distracted behavior, decreased concentration and attention span, quick temper, visual memory and spatial relation deficits, and visual closure problems.
13. In February 1998, plaintiff was referred to speech-language evaluation and as of August 1998 plaintiff continued to have significant difficulty with defining words, with grammatical development as well as difficulty understanding future and past tense.
14. Plaintiff has permanent mild traumatic brain injury and permanent scars on his body.
15. Plaintiff's medical bills following his accident on October 15, 1996 totaled $16,966.30. These bills were paid by plaintiff's mother, April Burch Archer, also a plaintiff in this matter. The Affidavit filed to institute this claim clearly indicates in paragraph 7 that the claim includes $16,966.30 in medical bills. Said Affidavit is signed by April Burch Archer as "claimant" and plaintiff's counsel as "attorney for Antonio D. Vaughan and April Burch Archer." The pre-trial agreement filed by the parties at the deputy commissioner hearing listed as an issue: "What amount is Antonio Vaughan and April Burch Archer entitled to recover, if any, from defendant?" Under the status of the pleadings and the pre-trial agreement, it is clear that the issue of recovery for medical bills was joined and that no party should have been surprised that the past medical bills would be at issue in this case. On February 27, 2002, Deputy Commissioner Taylor entered an order permitting, so that the record could be clear, April Burch Archer to appear as plaintiff for purposes of pursuing the previously filed claim for medical expenses incurred. As reflected in Deputy Commissioner Taylor's order "no surprise or prejudice [was] involved" and inclusion of Ms. Archer was necessary "that the result be just." The Full Commission, therefore, finds that Ms. Archer's claim is properly before the Commission.
16. Plaintiff had the right to assume and act on the assumption that defendant's named State employee, Tashandra Barnes, would keep a proper lookout for him and would not move the bus without knowing whether the movement would be safe. Plaintiffs' damages resulted from the negligence of Tashandra Barnes in failing to keep a proper lookout and in moving the school bus when it was not safe. Plaintiffs have been damaged in the sum of $200,000.00 as a result of said negligence.
17. As a result of the negligence of defendant's named employee in failing to operate the bus in a safe manner, plaintiff received medical treatment with bills totaling $16,966.30, which was paid by his mother, April Burch Archer.
 ***********
The foregoing stipulations and findings of fact engender the following additional
 CONCLUSIONS OF LAW
1. On October 15, 1996, defendant had a duty to plaintiff to ensure safe transportation to and from school. On October 15, 1996, defendant's named employee, Tashandra Barnes, breached that duty by negligently failing to ascertain that the minor plaintiff had crossed the road safely before proceeding forward, thus striking the minor plaintiff, causing substantial injuries. The negligence of Tashandra Barnes was the proximate cause of plaintiffs' damages.
2. April Burch Archer is a proper party to this proceeding and her claim for payment of the medical bills is properly before the Commission and is not precluded by any statute of limitations. The claim for medical bills was timely filed in the original Affidavit which was signed by April Burcher Archer as claimant, and the order approving the joinder of Ms. Archer merely clarified the record as to the proper parties before the Commission. The claim for medical bills was timely filed, and the amendment to clarify that Ms. Archer was also a party plaintiff was not error. See Burch v. North Carolina Baptist Hospital, 306 N.C. 214,293 S.E.2d 85 (1982).
3. Plaintiffs are entitled to $200,000.00 in damages, which includes the medical expenses.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 ORDER
1. Defendant shall pay to plaintiff April Burch Archer the sum of $16,966.30. Defendant shall pay to plaintiff April Burch Archer, as mother and natural guardian of Antonio D. Vaughan, the sum of $183,033.70 solely for the use and benefit of Antonio D. Vaughan.
2. Defendants shall pay the costs.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER