WALL FUNERAL HOME, INC., ORIGINAL PLAINTIFF AND CONTINENTAL INSURANCE COMPANY, ADDITIONAL PLAINTIFF v. W. L. STAFFORD, JR., GUARDIAN AD LITEM FOR JIMMIE LEE HOLMES AND BERTHA SMITH, ORIGINAL DEFENDANTS AND JOHN DOE, ADDITIONAL DEFENDANT

No. 6921SC31

(Filed 5 February 1969)

**1. Pleadings § 11— cross actions — pleading unknown defendant by fictitious name**

G.S. 1-166, which allows a plaintiff ignorant of a defendant's name to designate such defendant by any name and to amend his pleadings later when the true name is discovered, does not expressly authorize a defendant to set up a cross action against an unknown additional defendant.

**2. Limitation of Actions § 7— purpose of G.S. 1-166**

Purpose of statute allowing plaintiff to designate a defendant by a fictitious name is to provide plaintiff a means to toll the statute of limitations when he does not yet know the proper designation of the defendant. G.S. 1-166.

**3. Pleadings § 11— cross action — pleading unknown defendant by fictitious name**

Even if G.S. 1-166 were construed to allow a defendant to set up a cross action against an unknown joint tort-feasor by use of a fictitious name, order of trial court striking defendant's cross action against "John

Doe" should be affirmed where defendant fails to show he has been prejudiced.

**4. Appeal and Error § 46— burden of appellant to show prejudice**

The burden is on appellant not only to show error but that the alleged error was prejudicial and amounted to the denial of some substantial right.

APPEAL by original defendant from *McConnell, J.,* 29 July 1968 Civil Session of FORSYTH Superior Court.

This is a civil action commenced 20 December 1967 to recover for property damages arising out of an accident on Interstate 40 in the City of Winston-Salem.

Plaintiff's complaint alleged that the original defendant, Jimmie Lee Holmes, was negligent in driving a car across the center median, where it collided with the plaintiff's ambulance.

The original defendant alleged in his answer that his car was struck by a hit-and-run motorist, whose identity is unknown, causing defendant to lose control, cross the median, and collide with the plaintiff's ambulance, so that the accident was not the result of the original defendant's negligence, but was unavoidable. The original defendant also alleged a cross action against the unidentified hit-and-run motorist, referred to as "John Doe," for contribution as a joint tort-feasor.

Summons was issued by the Clerk of Superior Court of Forsyth County on 14 June 1968, directing the Sheriff of Forsyth County to serve the additional defendant, John Doe. The summons was returned unserved.

Plaintiff's motion to strike the entire cross action was allowed, and the original defendant appealed.

*Hudson, Petree, Stockton, Stockton & Robinson, by J. Robert Elster and John M. Harrington, for original plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Jimmy H. Barnhill, for original defendant appellants.*

PARKER, J.

[1] Appellant's sole assignment of error is addressed to the court's allowing plaintiff's motion to strike his cross action. Appellant, an original defendant in this tort action, has attempted to set up a cross action for contribution under G.S. 1-240. (Since this action was commenced prior to 1 January 1968, G.S. 1B-8 is not applicable; see

§§ 3½ and 4, Ch. 847 of the 1967 Session Laws.) By this means he seeks to bring in as an additional defendant a person alleged by him to be a joint tort-feasor but whose identity he does not yet know, designating such person as "John Doe." Appellant relies on G.S. 1-166, which provides that when the *plaintiff* is ignorant of the name of a defendant, he may designate such defendant by any name and later amend his pleadings to insert the true name when it is discovered. However, G.S. 1-166 does not, at least by express language, apply to authorize a *defendant* to cross-plead against an unknown additional defendant, and G.S. 1-240, which is applicable to this case, contains no provision permitting a cross action for contribution against an additional defendant designated only by a fictitious name. With regard to seeking contribution prior to judgment, G.S. 1-240 provides that the original defendant "may, upon motion, have the other joint tort-feasors made parties defendant," and there is no reason to suppose that the Legislature intended in such cases that the additional parties defendant might be fictitious or anything other than real defendants.

[2]    The obvious purpose of G.S. 1-166 is to provide a plaintiff a means to toll the statute of limitations when he does not yet know the proper designation of the defendant. No comparable necessity exists when a defendant desires to pursue a cross action for contribution against an unknown joint tort-feasor under G.S. 1-240, since the statute does not begin to run on the claim for contribution until judgment has been recovered against the first tort-feasor. *Godfrey v. Power Co.*, 223 N.C. 647, 27 S.E. 2d 736. (See, G.S. 1B-3(c) for the time within which an action to enforce contribution must be commenced in cases controlled by G.S., Chap. 1B.)

[3]    While neither the express language nor the purpose of G.S. 1-166 would seem to make it applicable to the situation here presented, even if we stretch the language of that statute sufficiently to make it apply to this case, nevertheless, the order here appealed from should be affirmed. Appellant has failed to show he has been in any way prejudiced. In any event he could not have recovered contribution from "John Doe" until he learned John's true identity and served process upon him in person; nor was he entitled to delay trial of the action while he continued to search for the real "John Doe"; and even after entry of the order striking his cross action, if prior to trial he should be so fortunate as to find the real "John Doe," he may at that time still move to have him made an additional party defendant.

[4]    The burden is on appellant not only to show error, but that

the alleged error was prejudicial and amounted to the denial of some substantial right. 1 Strong, N. C. Index 2d, Appeal and Error, § 46, p. 190.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.