**434**

**Howard Danny DENNY, Plaintiff,**

v.

**R.L. HINTON, Jr., etc., et al.,
Defendants.**

**No. C–85–767–S.**

United States District Court,
M.D. North Carolina,
Salisbury Division.

June 20, 1986.

Melinda Lawrence, Raleigh, N.C., for plaintiff.

James Peeler Smith, Asst. Atty. Gen., Raleigh, N.C., for defendants.

### ORDER

HIRAM H. WARD, Chief Judge.

Plaintiff requests review of the Magistrate's Order denying his motion to amend

the complaint and substitute specific identifiable defendants for the previously named "John Does."[1] The Magistrate found that the limitations period had run as to the newly identified defendants and had not been tolled under N.C.G.S. § 1–166 by the filing of the "John Doe" complaint. He also found that the relation back provisions of Rule 15(c), Fed.R.Civ.P., were not available. Plaintiff does not contest the Magistrate's interpretation of Rule 15(c) in accordance with *Weisgal v. Smith*, 774 F.2d 1277 (4th Cir.1985), but objects in order to preserve the issue for appeal.

Plaintiff argues, that contrary to the Magistrate's finding, there is historical support for finding section 1–166 to be a tolling statute, that seven states have construed their own fictitious name statutes to be tolling in nature, and that the Magistrate improperly interpreted North Carolina law. The Court has reviewed the Magistrate's decision de novo in regard to plaintiff's objections and finds the objections should be overruled and the Magistrate's Order affirmed.

For historical support of his position that section 1–166 is a tolling statute, plaintiff only offers the highly ambiguous statement of a law treatise (cited in the Magistrate's Order) which says that "the purpose of [fictitious name statutes], *or the occasion for their use* " is tolling. 85 A.L.R.3d 130, 134. More importantly, the Magistrate relied on North Carolina legislative history and plaintiff mentions nothing to the contrary.

Plaintiff's citation of seven state court decisions misses the point. Plaintiff's list is partial and selective, and he admits he has not made any attempt to survey all of the states. But more importantly, the determination is not made by a mere head count of decisions which appear to be similar, but upon specific analysis of North Carolina legislative and case law. In that regard, the decisions of neighboring states cited by the Magistrate, such as Georgia,

---

1. Plaintiff requests de novo review pursuant to 28 U.S.C. § 636(b)(1)(B), claiming the Order de-

nying the amendment effectively anticipates a dispositive motion to dismiss the defendants.

may be more persuasive than a number of decisions from distant jurisdictions. Finally, while plaintiff disagrees with the Magistrate's conclusion as to how the North Carolina Supreme Court would construe section 1–166 in relation to N.C.Rule 15(c), he cannot provide any direct support for his position. Predicting how state supreme courts will construe their laws is always hazardous business, but the Court feels that the North Carolina Supreme Court would most likely find that section 1–166 was not a tolling statute.

IT IS THEREFORE ORDERED that the Magistrate's Order of May 9, 1986 denying plaintiff's motion for leave to amend his complaint to substitute and identify specific defendants for the "John Doe" defendants 1 through 5 be, and the same hereby is, affirmed.

### ORDER

#### May 9, 1986

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff alleges his prison custodians violated his civil rights by assaulting and beating him on June 15, 1982, in violation of 42 U.S.C. §§ 1983 and 1985(3). The action was filed on June 14, 1985—one day prior to the end of the limitations period. For defendants, the complaint named the present and former Secretaries of the Department of Correction and Superintendents of the Piedmont Correctional Center, and also listed six John Doe correctional officers. The body of the complaint identified, upon information and belief, the last name of the officers. Plaintiff now seeks to amend his complaint pursuant to Rule 15(a), Fed.R.Civ.P., and substitute five now fully identified correctional officers for the John Does. The originally named defendants were mailed the summons and complaint on or after June 18, 1985. The new-

ly named defendants were served with summons and complaint in December, 1985.

The state Attorney General, on behalf of both old and new defendants, opposes plaintiff's motion on the ground that the 3-year statute of limitations expired approximately six months prior to the new defendants being served. Plaintiff counters that the statute of limitations was tolled by virtue of N.C.G.S. § 1–166 with his filing of a John Doe complaint. Defendants retort that plaintiff's motion to amend his federal civil rights complaint is governed by Rule 15(c), Fed.R.Civ.P., and not section 1–166. Defendants also argue that even if the Court were to so construe section 1–166, plaintiff may not have the benefit of it since plaintiff either knew in 1984 or with due diligence could have ascertained the new defendants' identities prior to the running of the limitations period. The parties do not dispute that plaintiff's amendment is barred unless the action was tolled pursuant to section 1–166 or unless the amendment relates back under Rule 15(c).[1]

Because Congress has not provided an explicit limitations period for section 1983 actions, federal courts must look to and borrow state law to govern "the length of the limitations period, and closely related questions of tolling and application." *Wilson v. Garcia*, 471 U.S. 261, ——, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254, 262 (1985); 42 U.S.C. § 1988. Therefore, the Court first considers whether N.C.G.S. § 1–166, as a matter of state law, tolls the statute of limitations or whether it is simply a rule of civil procedure.

On its face, section 1–166 only speaks of permitting fictitious name pleading. It provides:

> When the plaintiff is ignorant of the name of a defendant the latter may be designated in a pleading or proceeding by any name; and when his real name is

---

**1.** On its face, plaintiff's motion to amend only involves a decision pursuant to Rule 15(a), Fed.R.Civ.P. However, as will be discussed later, one of the grounds for denying such motion is

its being futile and defendants contend as much. Thus, the Court must, by necessity, resolve plaintiff's claims of tolling and relation back.

discovered, the pleading or proceeding may be amended accordingly.

No North Carolina case has directly interpreted this statute with respect to whether John Doe complaints toll the statute of limitations. The North Carolina Court of Appeals, however, has made a *dicta* observation that the obvious purpose of the statute "is to provide a plaintiff with a means to 'toll' the statute of limitations when he does not yet know the proper designation of the defendant." *Wall Funeral Home, Inc. v. Stafford,* 3 N.C.App. 578, 165 S.E.2d 532, 533 (1969).

While tempting, the Court does not believe it may follow the *Wall* decision as a correct statement of North Carolina law. First, the statement was a mere gratuitous remark, not an intended construction of the statute. The defendant in *Wall* instituted a cross-action designating a John Doe defendant, but the Court found it to be unnecessary since the limitations period on the cross-claim had not even started to run. The court of appeals said section 1–166 was irrelevant, since it only applied to *"plaintiffs"*. Moreover, while the federal courts give great deference to the rulings of intermediate state appellate courts, their opinions are not binding and do "not prevail where the federal court is convinced that the highest court of the state would rule to the contrary." *Sanderson v. Rice,* 777 F.2d 902, 905 (4th Cir. 1985). Only the highest court of the state can ultimately determine state law. When that court has not ruled or the law is unclear, as is true in this case, the federal court must predict how the highest state court would rule. *Id., Commissioner v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed. 886 (1967); *Harris v. Lukhard,* 733 F.2d 1075, 1082 (4th Cir. 1984). For the following reasons, we predict that the North Carolina Supreme Court would hold that section 1–166 is not a tolling statute, but simply a rule of civil procedure which permits John Doe complaints.

No historical support has been found for the view that fictitious name pleading statutes, such as section 1–166, had a purpose of extending the time within which to bring actions. Rather, these provisions had an original purpose of avoiding the strict common law pleading requirement that plaintiff must identify both defendant's Christian name and his surname or the complaint would be subject to a plea in abatement. Note, *Designation of Defendants by Fictitious Name-Use of John Doe Complaints,* 46 Iowa L.Rev. 773 (1961), hereinafter "Note." (Two-thirds of the states permit fictitious name pleading.) That this was most likely the purpose of section 1–166 appears from the Editor's note of its predecessor provision which stated:

A defendant ought to be sued in the surname of his ancestors and the Christian name given to him in baptism. If he is known by two names, he may be sued by either, or if the real name is unknown he may be sued, under this section, by a fictitious one.

N.C. Code § 550 and notes (1931). It continues: "In construing the similar section of the Ohio code it is said: 'The law supposes everyone to have a family name and a given name, and allows two fictitious names to be inserted when either of the real ones are unknown.' 5 Rob 599." *Id.* Such an interpretation of section 1–166 is consistent with the reference made to it in a well-recognized treatise on North Carolina procedure, which states that: "Where the defendant is *known,* but the plaintiff is ignorant of his *correct* name, he may be designated by any name, and when his true name is discovered an amendment may be made." (emphasis added) Wilson & Wilson, *1 McIntosh, North Carolina Practice and Procedure 2d,* § 689 at 374 (1956).

A statutory analysis does not disclose any reason to conclude the legislature intended section 1–166 to be used for tolling. When tolling the limitations period, North Carolina has enacted specific laws covering the subject. N.C.G.S. §§ 1–21, 1–24; *see also* N.C.G.S. § 1–17 (disabilities). Neither section 1–166 itself nor any other North Carolina statute provides that a John Doe complaint will extend the statute of limitations period. Nor, is section 1–166 set among the tolling statutes, but rather is

set amongst statutes regulating civil procedure.[2] In short, the legislative history suggests that section 1–166 should not be construed as a tolling statute.

In addition to the lack of historical or legislative support for tolling, the North Carolina Supreme Court would likely refuse to imbue section 1–166 with tolling powers because, in 1969, North Carolina adopted N.C. Rule 15 (N.C.Gen.Stat. § 1A–1). That rule, like its federal counterpart, permits pleadings, including the addition of parties, to relate back to the filing of the complaint when certain notice provisions have been satisfied. The North Carolina Supreme Court would more likely rely upon N.C. Rule 15(c), in order to protect against inequities arising when there are unidentified or incorrectly named parties. Using N.C. Rule 15(c) would be preferred, since it is already in existence and doing so would eliminate the need to create a body of equitable restraints should section 1–166 be construed to be a tolling statute.[3]

In *Burcl v. North Carolina Baptist Hosp., Inc.*, 306 N.C. 214, 293 S.E.2d 85 (1982), the North Carolina Supreme Court emphasizes the importance it accords the notice provisions of N.C. Rule 15(c) and warns that a fictitious name statute may not be used to circumvent that policy. *Burcl* involved an amendment relating to a plaintiff administrator in a wrongful death action who did not qualify until after the limitations period had run. The court found that under prior law the amendment could not be allowed, since it would constitute a new cause of action and the limitations period had expired. However, the issue was now governed by new Rule 15(c). Because the policy behind this rule was one of notice and since defendant had notice of the essentials of the cause of action, the pleading could and did relate back. The court noted its decision was restricted by the comment to Rule 17, Fed.R.Civ.P., relating to real parties in interest. The comment discusses how to substitute the proper representative party, but warns the rule may not be construed so as to permit the filing of John Doe complaints naming fictitious persons as personal representatives in order to suspend the limitations period. *Id.* 293 S.E.2d at 92, n. 7.

In nearby Georgia, the state supreme court made explicit that which is implicit in *Burcl.* There the plaintiff made the argument that Rule 10, permitting John Doe complaints, authorized amendments at any time, even after the running of the statute of limitations. *Sims v. American Casualty Company,* 131 Ga.App. 461, 206 S.E.2d 121, *aff'd,* 232 Ga. 787, 209 S.E.2d 61 (1974). The Court, however, found that the interests of its relation back rule (15(c)) predominated and Rule 10 merely allowed an unidentified party to be served as a John Doe, but that he must be served within the limitations period or else served in a manner which would comply with Civil Procedure Rule 15(c). The court commented that:

> It can make no difference whether [the defendant] was originally designated as John Doe and not served, or originally neither named nor served because another person was erroneously thought to be the correct defendant, we hold both situations are encompassed by [Rule 15(c)].

*Sims, supra,* 206 S.E.2d at 134. The court determined that the relation back provisions of Rule 15(c) should prevail in the absence of any explicit contrary direction from the legislature. Other courts are in accord with this reasoning. *Varno v. Bally Mfg. Co.,* 19 Ohio St.3d 21, 482 N.E.2d

---

**2.** W. Shuford, *North Carolina Practice and Procedure,* § 15–2, at 133 (2d ed. 1981).

**3.** Many states which permit their fictitious name statutes to toll the limitations period have created equitable constraints on use of the statute where plaintiff knows or with due diligence should have known the name of defendant. Note, *Designation of Defendants by Fictitious Name-Use of John Doe Complaints,* 46 Iowa

L.Rev. 773, 77–78 (1961); Annot. 85 A.L.R.3d 131 (1978); *Westfall v. Whittaker, Clark & Daniels,* 571 F.Supp. 304 (D.R.I.1983).

In the instant case, adoption of "equitable constraints" would likely mean that plaintiff could not have the benefits of tolling since he knew defendants' identities long before he filed this action. *See* n. 6, *infra.*

342 (1985) (Ohio law, fictitious name Rule 15(D),[4] only applies where defendant's identity and whereabouts are known to plaintiff, but the actual name is unknown. It does not extend the statute of limitations.); *Watson v. Unipress, Inc.*, 733 F.2d 1386 (10th Cir. 1984) (Colorado Rule 10 and Rule 15(c) ).

Thus, the Court finds that North Carolina would not construe section 1–166 to be a tolling statute and it need not be further concerned with state law, but looks to federal law for guidance. Rule 15(c), Fed.R.Civ.P., determines the propriety of plaintiff's amendment and whether the amendment may relate back.

In order to substitute or add the now identified defendants for the John Doe defendants, plaintiff must meet the relation back requirements of Rule 15(c), Fed.R. Civ.P. That rule mandates that plaintiff satisfy three elements: (1) the amendment must relate to the same transaction or occurrence; (2) the new party must have actual notice of the *action* prior to the expiration of the statute of limitations; and (3) the new party must have known or should have known that but for the mistake in his identity, the action would have been brought against him. *Weisgal v. Smith*, 744 F.2d 1277 (4th Cir. 1985); *Holden v. R.J. Reynolds Industries*, 82 F.R.D. 157 (M.D.N.C. 1979) (cited with approval in *Weisgal* ). In the instant case, plaintiff's amendment relates to the same transaction

or occurrence, since he merely correctly identifies the defendants. *See Eakins v. Reed*, 710 F.2d 184, 187–88 (4th Cir. 1983); *Bruce v. Smith*, 581 F.Supp. 902, 905 (W.D. Va.1984). This leaves the last two elements, and since the Court finds that plaintiff has not satisfied the second element, consideration of the third element is unnecessary.

The second element requires that the parties to be added or substituted must have had notice of the action prior to the expiration of the statute of limitations. In *Weisgal v. Smith, supra,* the Fourth Circuit determined that the notice must be given and received within the applicable limitations period. The required notice is notice of institution of the action in question, not mere notice of the incident or a possibility of suit. *Holden v. R.J. Reynolds Industries, supra,* at 162 n. 2. In the instant case, the complaint was filed one day prior to the running of the statute of limitations. Service was mailed to the named defendants four days later, and the new defendants six months later. Thus, the pleadings show that the new defendants did not have notice, formal or informal, actual or constructive, until after the limitations period expired.[5] Thus, plaintiff fails to satisfy the second element necessary to obtain the benefits of the relation back doctrine contained in Rule 15(c).[6]

Normally, requests to amend a complaint should be liberally granted and denied only

**4.** The predecessor of Rule 15(D) was similar to the predecessor of North Carolina's section 1–166, see this opinion at 436.

**5.** Notice to defendant need not be by service of process. Rather, the key element is defendant's knowledge. *Eakins v. Reed,* 710 F.2d 184, 187 (4th Cir. 1983) (notice to defendant inferred by his having filed an affidavit in the action). *See Bruce v. Smith,* 581 F.Supp. 902, 906 (W.D.Va. 1984) (informal notice of commencement of action sufficient). The notice requirement may be satisfied by showing that a named defendant, who has a sufficient identity of interest with the added party, received this notice. *Holden v. R.J. Reynolds Industries,* 82 F.R.D. 157 (M.D.N.C. 1979); *Bruce v. Smith, supra.* The Court need not consider this question, since plaintiff has not raised and supported it, but more importantly, there is no evidence that even the named

parties, who were mailed their service after the limitations period expired, received timely notice of the institution of the action. *Weisgal v. Smith,* 774 F.2d 1277, 1279–80 (4th Cir. 1985); *Holden, supra,* at 162.

**6.** Consequently, the Court need not examine whether plaintiff is barred from utilizing Rule 15(c) on the further grounds that plaintiff did not make a "mistake" when he sued John Doe defendants and, therefore, utilization of Rule 15(c) under those circumstances would be unfair. *See generally Bruce v. Smith, supra,* at 906–08. Defendants state without opposition that plaintiff knew the defendants' identities over one year prior to the running of the statute of limitations as evidenced by plaintiff's answers in a deposition taken on May 16, 1984 in another lawsuit filed in this Court.

if it would prejudice the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Denial of leave to amend on the grounds of futility requires that the proposed amendment be clearly insufficient or frivolous on its face. *Id.* at 510. The Court finds that plaintiff's proposed amendment is clearly insufficient based on its finding that N.C.G.S. § 1–166 is not a tolling statute and that plaintiff may not avail himself of the relation back provisions of Rule 15(c), Fed.R.Civ.P.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint to substitute and identify defendants for the John Doe defendants 1 through 5 be, and the same hereby is, denied.