403 S.E.2d 568 (1991)
John HUGGARD, Administrator of the Estate of Bobby L. Brown, Deceased,
v.
WAKE COUNTY HOSPITAL SYSTEM, INC., Douglas T. Miller, Warren Newton, Michele Humlan, David L. Ingram, Murthy G.K. Manne and Doe Two through Doe Ten.
No. 9010SC1083.
Court of Appeals of North Carolina.
May 7, 1991.
*569 Grover C. McCain, Jr. and Kenneth B. Oettinger, Chapel Hill, for plaintiff-appellant.
Young, Moore, Henderson & Alvis, P.A. by Joseph W. Williford and Josephine R. Darden, Raleigh, for defendant Murthy G.K. Manne.
JOHNSON, Judge.
This case requires that we consider G.S. § 1-166 (1983), the statute which allows a defendant to be sued in a fictitious name. The issue is whether the filing of a "John Doe" complaint tolls the statute of limitations.
The sequence of events which form the basis for this appeal are as follows. Eight year old Bobby Brown was admitted to defendant Wake County Hospital ("Wake") on 22 December 1985 where he was treated by the five named individual defendants, all doctors. Bobby was discharged on 25 December with a diagnosis of resolving aseptic meningitis. He was readmitted on 27 December and a CT scan revealed a cerebral hemorrhage secondary to an arteriovenous malformation. Despite immediate corrective surgery, Bobby's condition deteriorated and he died on 30 December 1985.
Plaintiff, administrator of Bobby's estate, filed suit on 29 December 1987, one day before the expiration of the two year statute of limitations for wrongful death in G.S. § 1-53(4). The named defendants in the original action were Wake, physicians Miller, Newton, Humlan and Ingram, and Doe One through Ten. On 11 February 1988, Alias and Pluries Summonses were issued for defendants Wake, Miller, Newton, Humlan, Ingram and Doe One through Ten. Defendants Wake, Miller, Newton, Humlan and Ingram were properly served between 16 February and 11 March 1988 and they timely answered the complaint.
Discovery proceeded and depositions were taken of Bobby's parents on 8 August 1988, Dr. Newton on 19 September 1988, and Drs. Humlan and Ingram on 28 April 1989. It was during the deposition of Dr. Newton that plaintiff first became aware of the existence and significance of Dr. Manne, who was Bobby's attending physician, and whose signature appears frequently in Bobby's medical records. Dr. Manne was deposed on 4 May 1989. On 2 June 1989, plaintiff moved to amend his complaint under G.S. § 1A-1, Rule 15 and G.S. § 1-166 by substituting Dr. Manne for Doe One as a named defendant. On 3 July 1989, plaintiff's motion was allowed and the clerk was ordered to issue a summons and complaint to Dr. Manne. Plaintiff filed an amended complaint on 27 July 1989 and the clerk issued the civil summons, which was served on 2 August 1989. On 28 August 1989, Dr. Manne filed and served his answer alleging the defenses of lack of personal jurisdiction, insufficiency of process and the running of the statute of limitations.
On 13 February 1990, Judge Bailey dismissed the action as to Dr. Manne, with prejudice. On 25 July 1990, pursuant to a settlement agreement, plaintiff took a voluntary dismissal with prejudice as to Wake, Miller, Newton, Humlan and Ingram. Plaintiff took a voluntary dismissal without prejudice as to Doe Two through Ten.
Plaintiff contends on appeal that the trial court erred in granting defendant Manne's motion to dismiss because the court had personal jurisdiction over the defendant, there was sufficiency of process as to the defendant and the claim was not barred by the statute of limitations. Because we find that the claim was time barred, we need not discuss plaintiff's other contentions.
The issue is whether the filing of a suit against a "John Doe" defendant pursuant to G.S. § 1-166, tolls the statute of limitations such that at some time after the running of the statutory period, the complaint can be amended to name the now-identified defendant and the suit is not *570 subject to dismissal by the fact that the limitations period has expired.
General Statutes § 1-166 provides:
When the plaintiff is ignorant of the name of the defendant the latter may be designated in a pleading or proceeding by any name; and when his true name is discovered, the pleading or proceeding may be amended accordingly.
While this statute clearly allows for the filing of a "John Doe" complaint and the subsequent amendment to properly name the identified defendant, it does not expressly or impliedly require the result plaintiff contends.
We can find no North Carolina case that speaks to the issue before us. Plaintiff relies on Wall Funeral Home, Inc. v. Stafford, 3 N.C.App. 578, 165 S.E.2d 532 (1969) for the proposition that G.S. § 1-166 tolls the statute of limitations. In that case, the original defendant in a tort action attempted to use § 1-166 to set up a cross action against a John Doe tort-feasor for contribution. The Wall Court held that § 1-166 could not be used for that purpose because by its express language it applies to plaintiffs, not defendants. In what is certainly dictum, the court opined that "[t]he obvious purpose of G.S. 1-166 is to provide a plaintiff a means to toll the statute of limitations when he does not yet know the proper designation of the defendant." Id. at 580, 165 S.E.2d at 533. This statement was not necessary to a determination of the case and therefore we are not bound by it. General Statutes § 1-166 has been interpreted by a federal court to be simply a rule of civil procedure and not a tolling statute. See Denny v. Hinton, 110 F.R.D. 434 (M.D.N.C.1986). As an interpretation of state law by a federal court, this holding is not binding on us; however, we find its analysis persuasive.
General Statutes § 1-166 does not by its terms contain a tolling provision. Specific situations in which our legislature has expressly provided for such a result can be found in Chapter 1, Subchapter II, Limitations: e.g. G.S. § 1-17 (minority and insanity toll statute of limitations); G.S. § 1-21 (statute tolled by absence of defendant from state); G.S. § 1-22 (effect of death of plaintiff before limitations period expires); G.S. § 1-23 (when commencement of an action is stayed by injunction or prohibition); G.S. § 1-24 (effect of probate of will on running of statute). Cf. Cal.Civ.Proc. Code § 583.210 (plaintiff has up to three years after filing of complaint under fictitious name statute in which to identify and serve John Doe defendant, thus one year limitations for personal injury is effectively extended for up to four years; see Brennan v. Lermer Corp., 626 F.Supp. 926 (N.D.Cal.1986). While our legislature has the power to explicitly provide for such a tolling under the "John Doe" statute, it has not done so.
Further, Rule 15(c) of the North Carolina Rules of Civil Procedure provides relief under certain situations. Rule 15(c) states:
A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
G.S. § 1A-1, Rule 15.
As stated in Ring Drug Co. v. Carolina Medicorp Ent., 96 N.C.App. 277, 385 S.E.2d 801 (1989):
[W]hether a complaint will relate back with respect to a party defendant added after the applicable limitations period depends upon whether that new defendant had notice of the claim so as not to be prejudiced by the untimely amendment. If some nexus among defendants will permit the trial judge to infer that the new defendant had notice of the original claim so as not to be prejudiced by the amendment, Rule 15(c) will allow a complaint to be amended so as to add a new party, expiration of the limitations period notwithstanding (citation omitted).
Id. at 283, 385 S.E.2d at 806. See also, Teague v. Asheboro Motor Co., 14 N.C. App. 736, 189 S.E.2d 671 (1972); Callicutt v. Motor Co., 37 N.C.App. 210, 245 S.E.2d 558 (1978); Stevens v. Nimocks, 82 N.C. *571 App. 350, 346 S.E.2d 180, cert. denied, 318 N.C. 511, 349 S.E.2d 873 (1986).
We note that plaintiff does not argue that his amendment should relate back under Rule 15(c). He relies entirely on the alleged tolling effect of § 1-166 to support his argument.
The recognized purpose of statutes of limitation is to afford security against stale claims. Congleton v. City of Asheboro, 8 N.C.App. 571, 174 S.E.2d 870 (1970). Were we to hold that § 1-166 is a tolling statute as plaintiff contends, the effect would be to preserve claims against John Doe defendants for some unlimited period of time or perhaps until some period after a plaintiff determines their true identity. This effect cannot have been intended by the legislature and we will not read it into the statute as written.
We hold that G.S. § 1-166 is not a tolling statute. The dismissal of plaintiff's amended complaint substituting Dr. Manne for Defendant Doe One, filed three and a half years after the cause of action arose, is proper, as being barred by the two year statute of limitations.
Affirmed.
ARNOLD and COZORT, JJ., concur.