DAVIS LAKE COMMUNITY ASSOCIATION, INC., PLAINTIFF v. WILLIAM FELDMANN
AND AUDREY M. OSZUST, DEFENDANTS

No. COA99-639

(Filed 6 June 2000)

**1. Parties— motion to amend—joinder of counsel—no valid claim**

The trial court did not err in denying defendants' motion to amend in order to join plaintiff's counsel for purposes of defendants' counterclaims because defendants could not have asserted a valid claim against plaintiff's counsel under the North Carolina Debt Collection Act in the first place. N.C.G.S. § 1A-1, Rule 13(h).

**2. Consumer Protection— Debt Collection Act—federal act—homeowners' association**

The trial court properly dismissed defendants' unfair debt collection counterclaim against a homeowners' association under the federal Fair Debt Collection Practices Act because this Act only applies to those who regularly collect debts on behalf of others, and it does not apply to creditors trying to collect their own debts.

**3. Consumer Protection— Debt Collection Act—state act—action against homeowners' association**

The trial court erred in dismissing defendants' unfair debt collection counterclaim against a homeowners' association under the North Carolina Debt Collection Act because: (1) the three threshold requirements have been met since defendant-homeowners are consumers incurring an obligation for family or household purposes, homeowners' association dues and assessments are debts, and plaintiff-homeowners' association is a debt collector; and (2) the three generalized requirements of all unfair or deceptive trade practice claims under N.C.G.S. § 75-51 have been met since plaintiff represented that the amount needed to satisfy the obligation included attorney fees well in excess of the fifteen percent limit, plaintiff's collection of dues and assessments was a business activity in or affecting commerce, and defendants have alleged that plaintiff's actions have injured their credit reputations and caused them emotional distress.

**4. Costs— attorney fees—notice—prejudgment interest**

The trial court erred in granting summary judgment in favor of plaintiff for its claim for attorney fees because the forecast of

evidence does not establish whether plaintiff complied with the statutory notice requirement in N.C.G.S. § 6-21.2(5), and therefore, the trial court's grant of prejudgment interest is also improper until a determination is made as to whether the notice requirement had in fact been met.

Appeal by defendants from orders entered 5 February 1999 by Judge Margaret L. Sharpe in Mecklenburg County District Court. Heard in the Court of Appeals 13 March 2000.

*Sellers, Hinshaw, Ayers, Dortch, Honeycutt & Lyons, P.A., by John F. Ayers, III and Timothy G. Sellers for plaintiff-appellee.*

*Dean & Gibson, L.L.P., by Rodney Dean, for plaintiff-appellee's counsel.*

*Hewson Lapinel Owens, PA, by H.L. Owens, for defendant-appellants.*

LEWIS, Judge.

Plaintiff Davis Lake Community Association is a homeowners' association established for the purpose of maintaining a planned development community within Mecklenburg County. Defendants are residents who live in this planned community. This community is subject to certain restrictive covenants under which plaintiff is given the authority to collect quarterly assessments and other maintenance charges from all community residents. Defendants failed to pay these assessments for four consecutive quarters in 1996 and 1997. Plaintiff thereafter sent several demand letters to defendants, attempting to collect the $200.95 outstanding balance plus all attorney's fees incurred in trying to collect the delinquent assessments. Defendants tendered a check for $200.95, but this check was returned to them because it did not include payment for all attorney's fees alleged to be owed. Plaintiff then filed this action to collect the $200.95 in past-due assessments plus reasonable attorney's fees. Plaintiff's counsel filed an affidavit claiming their fees amounted to $2378.90 as of 28 October 1998, over ten times the amount of the outstanding balance.

Defendants thereafter filed a counterclaim for unfair debt collection practices in violation of both state and federal laws. Plaintiff subsequently filed a 12(b)(6) motion to dismiss these counterclaims and also filed a motion for summary judgment as to its own claims. Defendants later sought to amend their counterclaim in order to join

plaintiff's counsel as a required party to the counterclaims under Rule 13(h). The trial court addressed all three motions in a series of orders entered 5 February 1999. First, the trial court granted plaintiff's motion for summary judgment, ordering defendants to pay the $200.95 outstanding balance plus interest, together with attorney's fees in the amount of fifteen percent of this balance. Second, the court denied defendants' motion to amend their counterclaims in order to join plaintiff's counsel. Finally, the trial court granted plaintiff's motion to dismiss defendants' counterclaims. From these orders, defendants now appeal.

[1] We begin by addressing defendants' motion to amend in order to join plaintiff's counsel for purposes of their counterclaims. Rule 13(h) governs the joinder of parties necessary for the disposition of counterclaims and crossclaims. Specifically, Rule 13(h) states:

> When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or crossclaim, the court shall order them to be brought in as defendants as provided in these rules.

N.C.R. Civ. P. 13(h). In a companion case also filed today, *Reid v. Ayers*, No. 99-790 (N.C. Ct. App. June 6, 2000), we have held that attorneys engaged in debt collection on behalf of their clients are exempt from the North Carolina Debt Collection Act. Accordingly, because defendants could not have asserted a valid claim against plaintiff's counsel in the first place, joinder of plaintiff's counsel was not "required for the granting of complete relief" as to defendants' counterclaim. Consequently, the trial court did not err in denying defendants' motion to amend.

[2] Next, we consider the propriety of defendants' unfair debt collection counterclaims against plaintiff. We emphasize that, in light of our holding as to the first issue, we are only dealing with defendants' claims against the homeowners' association.

The essence of defendants' counterclaims is that, in attempting to collect the outstanding balance, plaintiff purportedly deceived defendants by intentionally misrepresenting the amount of money needed to satisfy their outstanding obligation. Specifically, defendants point to plaintiff's various collection letters in which it attempted to collect attorney's fees well in excess of $2000. Because N.C. Gen. Stat. § 6-21.2(2) specifically limits the amount of attorney's fees

recoverable to fifteen percent of the outstanding debt, defendants assert plaintiff engaged in unfair debt collection practices by trying to collect more than that fifteen percent limit. Defendants have alleged claims under both state and federal law, and we will address each claim separately.

Defendants' claim under federal law was properly dismissed by the trial court. The Fair Debt Collection Practices Act (FDCPA), codified at 15 U.S.C. § 1692, proscribes certain enumerated activities by "debt collectors." Under the FDCPA, "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*.

15 U.S.C. § 1692a(6) (1998) (emphasis added). The FDCPA thus only applies to those who regularly collect debts on behalf of others; it does not apply to creditors trying to collect their own debts. *See Oldroyd v. Associates Consumer Discout Co.*, 863 F. Supp. 237, 241-42 (E.D. Pa. 1994); *Kizer v. Finance Am. Credit Corp.*, 454 F. Supp. 937, 939 (N.D. Miss. 1978); *Mendez v. Apple Bank*, 541 N.Y.S.2d 920, 923 (Civ. Ct. 1989). Because plaintiff was trying to collect unpaid assessments and charges due it directly, the FDCPA does not apply to plaintiff's acts.

[3] Under state law, however, we conclude that defendants have pled a valid claim. As we have stated in *Reid v. Ayers*, the North Carolina Debt Collection Act (NCDCA) contains three threshold requirements before a claim based upon alleged unfair debt collection practices may be considered. First, the party alleging the claim must be a "consumer." N.C. Gen. Stat. § 75-50(1) (1999). Defendants here, as homeowners within the Davis Lake Community Association, are indeed consumers because they have incurred an obligation (i.e. assessment fees) for family or household purposes. Second, the obligation incurred must be a "debt." N.C. Gen. Stat. § 75-50(2). We concluded in *Reid v. Ayers* that homeowners' association dues and assessments are "debts" within the meaning of the statute. Third, the party against whom the claim is alleged must be a "debt collector." N.C. Gen. Stat. § 75-50(3). Unlike the FDCPA, our state act does not limit the definition of debt collector only to those collecting debts on behalf of others; *any person* engaging in debt collection from a consumer falls within the statutory definition. *Id.* Under this plain language, plaintiff

here, as a homeowners' association trying to collect assessments owed to it, is a "debt collector."

Once these three threshold requirements are satisfied, *Reid v. Ayers* instructs us to next apply the more generalized requirements of all unfair or deceptive trade practice claims: (1) an unfair act (2) in or affecting commerce (3) proximately causing injury. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998). Thus, the debt collector first must have committed an unfair or deceptive act. In the context of debt collection, these acts include the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations, and unconscionable means. N.C. Gen. Stat. §§ 75-51 to -56. By alleging that plaintiff represented to them that the amount needed to satisfy their $200.95 obligation included attorney's fees well in excess of the fifteen percent limit, defendants have satisfied the unfair or deceptive act requirement.

Next, the debt collector's practices must be "in or affecting commerce." N.C. Gen. Stat. § 75-1.1(a). "Commerce" includes "all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C. Gen. Stat. § 75-1.1(b). In *Reid v. Ayers*, the alleged debt collector was a law firm, and thus we focused on the learned profession exemption within this definition. Here, however, the alleged debt collector is the homeowners' association itself. Accordingly, we focus only on the meaning of "business activities" under the statute. Our Supreme Court has clarified that "business activities" are those normal, day-to-day activities regularly conducted by the business and for which the business was organized. *HAJMM Co. v. House of Raeford Farms*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991). According to the restrictive covenants entered into between the homeowners and the homeowners' association, plaintiff was organized for the purpose of creating and maintaining a planned development community. In order to do so, it was authorized to collect certain dues and assessments. Thus, one of plaintiff's regular, day-to-day activities was collecting dues and assessments. Because the allegedly unfair acts committed by plaintiff were directly connected with these dues-collecting activities, we conclude that the debt-collection practices of plaintiff were business activities in or affecting commerce.

The final generalized requirement is that the debt collector's unfair practices must have proximately caused injury to the con-

sumer. Defendants have satisfied this requirement by alleging that plaintiff's actions have injured their credit reputations and caused them emotional distress. Thus, defendants have satisfied all three threshold requirements and all three generalized requirements for substantiating a valid unfair debt-collection claim under the NCDCA. Accordingly, we reverse that part of the trial court's order dismissing this counterclaim.

We again emphasize that defendants only have a valid claim against plaintiff, not its counsel. Thus, in proceeding with their claim, defendants must focus on those alleged unfair debt collection practices employed exclusively by plaintiff. Any acts engaged in by plaintiff's counsel, even if cloaked in terms of a principal-agent relationship, fall within the learned profession exemption and thus outside the purview of the NCDCA.

[4] In their final assignment of error, defendants contest the trial court's entry of summary judgment against them. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). We conclude that there are genuine issues of material fact with respect to plaintiff's claim for attorney's fees and thus vacate that portion of the trial court's summary judgment order. Specifically, the forecast of evidence produced by both parties does not establish whether plaintiff complied with the statutory notice requirement in N.C. Gen. Stat. § 6-21.2(5).

Before attorney's fees can be collected on a debt, our statutes require the creditor to notify the debtor in writing that "the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that [the debtor] has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees." N.C. Gen. Stat. § 6-21.2(5) (1999). Thus, the mere delinquency of a debt is not sufficient to trigger the award of attorney's fees under our statutes. Defendants must have been given written notice plus a five-day grace period to pay their outstanding balance. Plaintiff's forecast of evidence nowhere establishes that this requirement was satisfied. Absent evidence showing it did comply with this notice requirement, any award of attorney's fees is unauthorized. *McGinnis Point Owners Ass'n v. Joyner*, —— N.C. App. ——, ——, 522 S.E.2d 317, 320 (1999).

SHOLAR BUS. ASSOCS. v. DAVIS

[138 N.C. App. 298 (2000)]

In light of this, we further conclude that the trial court's award of pre-judgment interest was also improper. Defendants tendered a check for the $200.95 outstanding balance on 14 September 1997. Plaintiff refused this tender because the check did not also include payment of attorney's fees. But, as just stated, unless plaintiff first provided the requisite notice, it was not authorized to collect attorney's fees in the first place. Thus, to the extent that the trial court's award of pre-judgment interest represents interest accruing after the date of tender, that award must be vacated until a determination is made as to whether the notice requirement had in fact been met.

Affirmed in part, reversed in part, vacated in part, and remanded.

Judges JOHN and EDMUNDS concur.