**SIMMONS v. KROSS LIEBERMAN & STONE, INC.**

[228 N.C. App. 425 (2013)]

VIRGINIA SIMMONS, Plaintiff
v.
KROSS LIEBERMAN & STONE, INC., Defendant

No. COA13-10

Filed 6 August 2013

**1. Unfair Trade Practices—unfair debt collection—collection agency**

Plaintiff consumer's unfair debt collection practices claim was reviewed under Chapter 58 because it specifically alleged that defendant was a collection agency permitted and licensed by the N.C. Department of Insurance.

**2. Unfair Trade Practices—unfair debt collection—actual damages—civil penalty**

Plaintiff consumer failed to state a claim for actual damages under N.C.G.S. § 58-70-130(a) in an unfair debt collection practices case, and the trial court properly dismissed that portion of plaintiff's complaint. However, plaintiff sufficiently stated a claim for a civil penalty under N.C.G.S. § 58-70-130(b), and the trial court's dismissal of that portion of plaintiff's complaint was reversed.

Appeal by Plaintiff from order entered 16 August 2012 by Judge Orlando Hudson in Durham County Superior Court. Heard in the Court of Appeals 25 April 2013.

*Law Office of Robert B. Jervis, P.C., by Robert B. Jervis, for Plaintiff.*

*Hans H. Huang, PLLC, by Hans H. Huang, for Defendant.*

DILLON, Judge.

Virginia Simmons (Plaintiff) appeals from the trial court's order dismissing her claim for unfair debt collection practices against Kross Lieberman & Stone, Inc. (Defendant) for failure to state a claim upon which relief may be granted. We affirm in part and reverse in part.

I. Factual & Procedural Background

Plaintiff, a consumer, filed this action against Defendant, a debt collection agency, to recover both actual damages and civil penalties pursuant to N.C. Gen. Stat. § 58-70-130 (2011).

SIMMONS v. KROSS LIEBERMAN & STONE, INC.

[228 N.C. App. 425 (2013)]

In 2010, Plaintiff contracted with Home Design Studio, LLC (Home Design) to perform certain renovations on her home in Durham County. When the renovations had been completed, Plaintiff refused to pay Home Design the amount reflected in the final invoice for the project. As a result, Home Design engaged Defendant to collect this amount from Plaintiff. Plaintiff engaged an attorney to represent her in the matter.

Subsequently, Plaintiff and Home Design became involved in a lawsuit concerning the final invoice and other matters pertaining to their contract. Plaintiff and Home Design ultimately reached a settlement through mediation and voluntarily dismissed all of their claims and counterclaims with prejudice on 3 June 2011.

On 12 September 2011, Plaintiff commenced the present action against Defendant, alleging in her complaint that Defendant had engaged in "unfair practices" in violation of N.C. Gen. Stat. § 58-70-115(3) by contacting Plaintiff on Home Design's behalf after being informed that Plaintiff was represented by counsel. The complaint alleges, *inter alia*, the following:

> 7. On November 23, 2010 plaintiff's attorney notified defendant that he represented plaintiff and requested that any further communication regarding the debt be made through her attorney. . . .
>
> 8. On January 24, 2011, ignoring plaintiff's attorney's previous letter, defendant sent plaintiff another demand for payment. . . . Defendant's conduct violates the provisions of N.C.G.S. 58-70-115(3).
>
> 9. As a proximate result of defendant's unfair practice, plaintiff is informed and believes that her actual damages will exceed $1,000.00. Plaintiff will file at a later date a statement of monetary relief sought in this action . . . .
>
> 10. As a proximate result of defendant's unfair practice, plaintiff is entitled to recover a civil penalty of at least $500.00 from defendant.

On 14 November 2011, Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. The matter came on for hearing in Durham County Superior Court on 11 July 2012. On 16 August 2012, the trial court entered an order granting Defendant's motion to dismiss. From this order, Plaintiff appeals.

**SIMMONS v. KROSS LIEBERMAN & STONE, INC.**

[228 N.C. App. 425 (2013)]

## II. Analysis

The following standard governs our review of the trial court's order dismissing Plaintiff's complaint:

> A motion to dismiss under N.C. R. Civ. P. 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint. In reviewing a trial court's Rule 12(b)(6) dismissal, the appellate court must inquire whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. Rule 12(b)(6) generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery. Dismissal is proper, however, when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 203-04 (2005) (citations and quotation marks omitted).

**[1]** As a threshold matter, we note that the parties dispute which provisions of our General Statutes govern Plaintiff's unfair practices claim. While Plaintiff alleges that she is entitled to relief under Article 70, Chapter 58 of our General Statutes, Defendant counters that "Chapter 58, Article 70 of the North Carolina General Statutes is not applicable when pursuing a claim covered by the North Carolina Debt Collection Act [hereinafter, the NCDCA]." We believe that Defendant's contention is incorrect.

The NCDCA is codified in Article 2, Chapter 75 and applies to the debt collection efforts of "any person engaging, directly or indirectly, in debt collection from a consumer *except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes.*" N.C. Gen. Stat. § 75-50(3) (2011) (emphasis added). Article 70, Chapter 58 specifically governs debt collection practices undertaken by any entity operating as a "*collection agency*" as defined under N.C. Gen. Stat. § 58-70-15 (2011). Thus, the NCDCA regulates the debt collection activities of all entities except collection agencies regulated under Chapter 58. Here, Plaintiff's complaint specifically alleges that Defendant is "a collection agency permitted and licensed by the N.C. Department of Insurance as

requred [sic] by Chapter 58 of the N.C. General Statutes." Accordingly, we review Plaintiff's unfair practices claim under Chapter 58.

[2] Turning to the sufficiency of the complaint, Plaintiff alleges that Defendant engaged in unfair practices in violation of N.C. Gen. Stat. § 58-70-115(3) (2011), which defines "unfair practices" to include any communication by a debt collection agency "with a consumer whenever the collection agency has been notified by the consumer's attorney that he represents said consumer." *Id.* Specifically, the complaint alleges that Plaintiff's attorney notified Defendant by letter dated 23 November 2010 that Plaintiff was represented by counsel and "that any further communication regarding the debt be made through her attorney." The complaint further alleges that notwithstanding this notification Defendant sent Plaintiff a letter demanding payment on 24 January 2011.[1] We conclude that these allegations are sufficient to state a claim for unfair practices under N.C. Gen. Stat. § 58-70-115(3).

With respect to Plaintiff's requested relief, Plaintiff's complaint seeks both actual damages under N.C. Gen. Stat. § 58-70-130(a) and a civil penalty under N.C. Gen. Stat. § 58-70-130(b). Although N.C. Gen. Stat. § 58-70-130(a) permits a claimant to recover actual damages as a result of a collection agency's violation of N.C. Gen. Stat. § 58-70-115(3), the only allegation in Plaintiff's complaint concerning actual damages is that "[a]s a proximate result of defendant's unfair practice, plaintiff is informed and believes that her actual damages will exceed $1,000.00."[2] This allegation consists of merely a legal conclusion, which we do not accept as true for purposes of reviewing a Rule 12(b)(6) dismissal. *See Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). Plaintiff does not allege *any* facts indicating how she was injured or otherwise incurred damages as a result of Defendant's conduct. This shortcoming renders Plaintiff's complaint insufficient to state a claim for actual damages under N.C. Gen. Stat. § 58-70-130(a), and we conclude that the trial court correctly dismissed this portion of Plaintiff's complaint.

---

1. We note Defendant's contention that this communication was a permissible form of contact under N.C. Gen. Stat. § 75-55(3) (2011), a provision of the NCDCA which authorizes a creditor to communicate with a consumer – even after receiving notice that the consumer is represented by counsel – if the communication qualifies as a "statement of account used in the normal course of business." *Id.* As previously discussed, however, the NCDCA does not govern Plaintiff's unfair practices claim, and Article 70, Chapter 58 provides no such exception for debt collection agencies.

2. We note that Plaintiff's complaint also provides that "Plaintiff will file at a later date a statement of monetary relief in this action." Based upon the record before us, however, there is no indication that such a statement was ever filed.

**SIMMONS v. KROSS LIEBERMAN & STONE, INC.**

[228 N.C. App. 425 (2013)]

The question remains whether the absence of actual injury forecloses Plaintiff's ability to recover a civil penalty under N.C. Gen. Stat. § 58-70-130(b), which provides as follows:

> Any collection agency which violates Part 3 of this Article with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor for a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

N.C. Gen. Stat. § 58-70-130(b) (2011).

In *Reid v. Ayers*, 138 N.C. App. 261, 531 S.E.2d 231 (2000), upon which Defendant relies, we held that a plaintiff's claim for relief under the NCDCA will not survive absent proof of actual injury. *Id.* at 266, 531 S.E.2d at 234-35. Whether this same principle applies to a claim brought against a collection agency under Chapter 58, however, appears to be a question of first impression for this Court.[3] The *Reid* court concluded that our General Assembly intended for NCDCA claims - brought under Article 2, Chapter 75 – to be subject to the same general requirements that apply to unfair and deceptive trade practices (UDTP) claims brought under Article 1, Chapter 75. *Reid*, 138 N.C. App. at 266, 531 S.E.2d at 234-35. In so holding, we reasoned as follows:

> Although our legislature does not specifically state that [NCDCA claims are] subject to the more generalized requirements of section 75-1.1, we conclude that was their intent. The final section [of the NCDCA] states:
>
> The specific and general provisions of this Article [(the NCDCA)] shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article. Notwithstanding the provisions of G.S. 75-15.2 and G.S. 75-16, in private

---

3. We note that federal courts addressing this precise issue have allowed for recovery of statutory damages under N.C. Gen. Stat. § 58-70-130(b) notwithstanding the claimant's failure to prove actual damages. *See, e.g., Barnett v. Creditors Specialty Serv., Inc.*, 2013 WL 1629090 (W.D.N.C. Apr. 16, 2013); *In re Baie*, 2011 WL 1257148 (Bankr. E.D.N.C. Mar. 30, 2011). We recognize that although these decisions are not binding on this Court, *Soderlund v. Kuch*, 143 N.C. App. 361, 370, 546 S.E.2d 632, 638 (2001), they have persuasive value for purposes of our analysis in the present case. *See Huggard v. Wake County Hosp. Sys., Inc.*, 102 N.C. App. 772, 775, 403 S.E.2d 568, 570 (1991) (recognizing that a federal court's interpretation of North Carolina law has value as persuasive authority).

actions or actions instituted by the Attorney General, civil penalties in excess of two thousand dollars ($2,000) shall not be imposed, nor shall damages be trebled for any violation under this Article.

N.C. Gen. Stat. § 75-56 (1999). By specifically referencing [in section 75-56] the generalized proscription in section 75-1.1, we conclude the legislature intended that Article 2 be limited by the same requirements applicable to those proscriptions. Furthermore, had our legislature not intended for Article 2 to be governed by the generalized provisions of Article 1, it would not have needed to refer to Article 1's allowance for treble damages when limiting the remedy for Article 2 violations to $2000. Thus, we conclude that once the three threshold requirements in section 75-50 are satisfied, a claim for unfair debt collection practices must then meet the three generalized requirements found in section 75-1.1:(1) an unfair act (2) in or affecting commerce (3) *proximately causing injury.*

*Id.* at 265-66, 531 S.E.2d at 234-35 (emphasis added) (citation omitted). N.C. Gen. Stat. § 58-70-130, the provision under which Plaintiff seeks a civil penalty in the instant case, includes the following language:

The specific and general provisions of Part 3 of this Article shall constitute unfair or deceptive acts or practices proscribed herein or by G.S. 75-1.1 in the area of commerce regulated thereby; provided, however, that, notwithstanding the provisions of G.S. 75-16, the civil penalties provided in this section shall not be trebled. Civil penalties in excess of four thousand dollars ($4,000) for each violation shall not be imposed.

N.C. Gen. Stat. § 58-70-130(c) (2011). We recognize the similarities between the language in this provision and that set forth in N.C. Gen. Stat. § 75-56, which served as the basis for our holding in *Reid.* There are, however, two key distinctions: First, N.C. Gen. Stat. § 75-56 provides that the provisions of Chapter 75, Article 2 "shall *exclusively* constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article[,]" while N.C. Gen. Stat. § 58-70-130(c) omits the word "exclusively." Second, N.C. Gen. Stat. § 58-70-130(c) provides that violations of Article 70, Chapter 58 "shall constitute unfair or deceptive acts or practices *proscribed herein or by G.S. 75-1.1 . . .* [,]" while N.C. Gen. Stat. § 75-56 provides that a

violation of the NCDCA shall "exclusively" constitute a violation of N.C. Gen. Stat. § 75-1.1. Thus, we do not believe that our General Assembly intended that a claimant be required to prove the prerequisites for a UDTP claim under Article 1, Chapter 75 – including actual injury – to recover the civil penalty described under N.C. Gen. Stat. § 58-70-130(b). This distinction, we believe, is indicative of our General Assembly's intent to hold debt collection agencies regulated under Chapter 58 to a higher standard in undertaking their debt collection practices than the standard to which other entities engaged in debt collection are held under the NCDCA. Accordingly, we hold that Plaintiff's failure to allege actual injury does not preclude her from recovering a civil penalty under N.C. Gen. Stat. § 58-70-130(b), and, therefore, that the trial court erred in dismissing this portion of Plaintiff's complaint.[4]

### III. Conclusion

For the foregoing reasons, we hold that Plaintiff has failed to state a claim for actual damages under N.C. Gen. Stat. § 58-70-130(a), and we affirm the trial court's dismissal of that portion of Plaintiff's complaint. We further hold, however, that Plaintiff has sufficiently stated a claim for a civil penalty under N.C. Gen. Stat. § 58-70-130(b), and we accordingly reverse the trial court's dismissal of that portion of Plaintiff's complaint.

AFFIRMED IN PART; REVERSED IN PART.

Judges ELMORE and GEER concur.

---

4. We note Defendant's contention that the settlement between Plaintiff and Home Design precluded Plaintiff from bringing this action because there was no longer a valid "debt" as required in order to seek relief under the NCDCA. *Davis Lake Cmty. Ass'n, Inc. v. Feldmann,* 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000); *see also* N.C. Gen. Stat. § 75-50(2) (2011) (defining "debt" for purposes of the NCDCA). As previously discussed, however, the NCDCA does not apply to Plaintiff's claim against Defendant, and we reject this contention as meritless.